- 1 -

1 | Your Name: Jackson Blain
2 | Address: 637 Hillsborough St Apt 2, Oakland CA
3 | Phone Number: 413-522-3116
4 | Fax Number:
5 | E-mail Address:
6 | Pro Se Plaintiff

FILED
JUL 18 2022
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Blain et. al

Plaintiff,

vs.

California Department of Transportation et al

Defendant.

Case Number  C22-04178  [leave blank]

**COMPLAINT**

**DEMAND FOR JURY TRIAL**
Yes [X]  No [ ]

**PARTIES**

1. Plaintiff. [*Write your name, address, and phone number. Add a page for additional plaintiffs.*]

Name: Jackson Blain
Address: 637 Hillsborough St apt 2, Oakland CA
Telephone: 413-522-3116

COMPLAINT
PAGE 1 OF ___ [*JDC TEMPLATE – Rev. 05/2017*]

Plaintiffs

- John Janosko
- Kellie Castillo
- Kelly Thompson
- Nicolas Gonzalez
- Esteban Gonzalez
- Shawn Widomen
- Peter A. Doller
- Alex Heine
- James Freeman
- Mayana Sparks
- Adam Davis
- Richard Milton
- Benjamin Murawski
- Jackson Blair
- Ramona
- Greg Widomen
- James Foreman
- Ken Shen
- Pierre Daniels
- Phil Jenkins
- David Bahar
- Katherine Caveher
- Jeremy Olivieva
- Abby Dill
- Jessica Higgin
- Matt Sunahivsar
- Dunstin Denega
- Douglas Sollar
- Matthew Buster
- Will Schwerma
- Jay Prasad

2. Defendants. [*Write each defendant's full name, address, and phone number.*]

Defendant 1:
Name: California Department of Transportation, Toks Omishakin, Director,
Address: Dina El-Tawansy, Director of Caltrans District 4
Telephone: 111 Grand Ave Oakland CA, 5102864444

Defendant 2:
Name: City of Oakland, Mayor Libby Schaaff, Ed Reiskin City Manager
Address: 1 Frank Ogawa Plaza #3, Oakalnd CA 94612
Telephone:

Defendant 3:
Name: ~~Burlington Northern Santa Fe Railroad, Kathryn Farmer, President & CEO~~
Address: ~~Governor Gavin Newsom 1021 O St Suite 9000 Sacramento CA 95814~~
Telephone: ~~Count of Alameda, County Administrator Suan S. Muranishi~~

Defendant 3:
Name: Governor Gavin Newsome
Address: 1021 O ST ST Suite 9000
☑ Sacramento CA 95814

☐ County of Alameda, County Administrator Susan Muranishi
1221 Oak St Suite 555 Oakland CA

Burlington Northern Santa Fe Railroad
Kathryn Former President CEO
980 Hensley ST Richmond CA 9484

COMPLAINT
PAGE 2 OF ___ [*JDC TEMPLATE – Rev. 05/2017*]

## VENUE

*[The counties in this District are: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo, or Sonoma. If one of the venue options below applies to your case, this District Court is the correct place to file your lawsuit. Check the box for each venue option that applies.]*

4. Venue is appropriate in this Court because:

   [✔] a substantial part of the events I am suing about happened in this district.

   [✔] a substantial part of the property I am suing about is located in this district.

   [ ] I am suing the U.S. government, federal agency, or federal official in his or her official capacity <u>and</u> I live in this district.

   [ ] at least one defendant is located in this District and any other defendants are located in California.

## INTRADISTRICT ASSIGNMENT

*[This District has three divisions: (1) San Francisco/Oakland (2) San Jose; and (3) Eureka. First write in the county in which the events you are suing about happened, and then match it to the correct division. The San Francisco/Oakland division covers Alameda, Contra Costa, Marin, Napa, San Francisco, San Mateo, and Sonoma counties. The San Jose division covers Monterey, San Benito, Santa Clara, Santa Cruz counties. The Eureka division covers Del Norte, Humboldt, Lake, Mendocino counties, only if all parties consent to a magistrate judge.]*

5. Because this lawsuit arose in _____ County, it should be assigned to the _____ Division of this Court.

## STATEMENT OF FACTS

*[Write a short and simple description of the facts of your case. Include basic details such as <u>where</u> the events happened, <u>when</u> things happened and <u>who</u> was involved. Put each fact into a separate, numbered paragraph, starting with paragraph number 6. Use more pages as needed.]*

_____

_____

_____

_____

COMPLAINT

PAGE \_\_\_ OF \_\_\_ *[JDC TEMPLATE – Rev. 05/2017]*

## STATEMENT OF FACTS

1. On July 15th, we received notice of imminent threat that on July 20th, the California Department of Transportation and those acting in concert with them are going to come to our community around Wood Street with backhoes and bulldozers. They are going to crush our homes - our trailers, our vehicles, our tents and our domiciles. They are going to destroy our property and not store it. They are not going to offer us any alternative shelter. Absent immediate injunctive relief from this court, we all face imminent irreparable harm from an obviously unlawful action.

2. This assault is part of a long saga stretching back many years which took a turn on April 15th, when California Governor Newsome came to the area around Wood Street "Wood Street" "Wood Street Commons" that includes property of California Department of Transportation "Cal Trans", City of Oakland property, and Burlington Northern and Santa Fe Railway "BNSF" property to unveil a 4.7 Million dollar plan to solve homelessness. [See Exhibit, April 15th Press Release From Governors Office]. Newsome spoke with many of us, promising housing and assistance.

3. Three months later, and none of the resources and grand promises of the Governor have materialized. Instead, all of the property owners are now acting in Concert to eradicate the Wood Street Community. On July 15th, Cal Trans announced the clearing [See Exhibit Press July 15th Press Release]. By their own admission, the operation is a collaboration between Cal Trans, City of Oakland, and the County of Alameda.

4. Now, Cal Trans, City of Oakland, County of Alameda, and BNSF Railroad are orchestrating the destruction of our community [see Declarations of Kelly Thompson, Jackson Blain, James Freeman, Mayana Sparks, Alex Heina, Adam David, Kellie Castillo, John Janosko]. July 15th included the posting of flyers threatening eviction and seizure of

property. The flyers provide no way to retrieve property, and provide no genuine offers of shelter or the storage of property. [See Exhibit Eviction Flyer]

5. Cal Trans and those acting in concert with them do not hide that they do not have intention to offer shelter *[Exhibit Press Release]*. There own press release states that "Rooms will be available in late summer" -meaning they themselves know they do not have the resources of the plan advertised by Newsome on April 15th for the Wood Street community.

6. Defendants are evicting people even while the authoritative guidance of the Center for Disease Control for Unsheltered Homelessness still states "If individual housing options are not available, allow people who are living unsheltered or in encampments to remain where they are." [See CDC Guidance RE: Unsheltered Homelessness]

7. COVID hospitalizations are now extraordinarily high in Northern California due to variants BA.4 and BA.5 mutations which are highly contagious and also likely to cause death or permanent brain injury.

8. Reflecting the seriousness of the current surge, Alameda County's own Public Health Officer has currently in place an eviction moratorium [See Exhibit Alameda Eviction Moratorium]. The same reasoning and authority for the eviction moratorium that applies to tenants, doubly applies to people who are unhoused who already face high morbidity rates and chronic illness that makes COVID 19 that much more deadly and likely to cause permanent brain injury.

9. Cal Trans abrupt closure of the camp is irresponsible. It appears to be just another photo opportunity for Governor Newsome so he can falsely claim that he is following through on his April 15th promise to Wood Street to provide housing. Nothing he has

promised has materialized, yet now suddenly they are pulling the rug out from underneath us.

10. This is doubly irresponsible, because Governor Newsome's promises, and Cal Trans own press release demonstrate that their are resources for our community that is going to be available later in summer. We have lived here for years and there is no reason right now of all times our community is destroyed. If Governor Newsome, Cal Trans and their partners are to be consistent with their words, then they must be restrained until a proper plan can be made about how to move forward on Wood Street.

## CAUSES OF ACTION

11. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

## FIRST CAUSE OF ACTION
### State-Created Danger in Violation of Due Process Guarantee Under the U.S. Constitution
(By plaintiffs against all defendants)

(42.S.C. § 1983)

12. Plaintiffs reincorporate by reference each of the preceding paragraphs and allegations as if fully set forth herein.

13. Under the Fourteenth Amendment to the U.S. Constitution, no state can "deprive any person of life, liberty or property without due process of law." This federal constitutional provision confers upon Plaintiffs a right to be free from a deprivation of their due process by Defendants.

14. Under 42 U.S.C. Section 1983, "[e]very person who, under color of any statute, regulation custom, or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party inured in an action at law..."

15. As part of this right, Defendants are prohibited from affirmatively placing Plaintiffs in known or obvious danger under an objective deliberate indifference standard.

16. By clearing the homeless encampments at Wood Street and failing to provide alternative safe housing, where those acts have made Plaintiffs and other similarly situated unhoused persons at greater risk of COVID-19 infection, injury, and death, Defendants have affirmatively placed and continue to place Plaintiffs in known or obvious danger.

17. Accordingly, Defendants have subjected Plaintiffs to state-created danger in violation of the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. §1983.

## SECOND CAUSE OF ACTION

### State-Created Danger in Violation of Due Process Guarantees Under the California Constitution

(By plaintiffs against all defendants)

(Cal. Const. Art. I, §7)

18. Plaintiffs reincorporate by reference each of the preceding paragraphs and allegations as if fully set forth herein.

19. Under Article I, Section 7 of the California Constitution "A person may not be deprived of life, liberty or property without due process of law." This state constitutional provision confers upon Plaintiffs a right to be free from a deprivation of their due process rights by Defendants.

20. As part of this right, Defendants are prohibited from affirmatively placing Plaintiffs in known or obvious danger under and objective and deliberate indifference standard.

21. By clearing the homeless Wood Street encampment and failing to provide alternative safe housing, where those acts have made Plaintiffs and others similarly situated unhoused persons at greater risk of COVID-19 infection, injury, and death, Defendants have affirmatively placed and continue to place Plaintiffs in known or obvious danger.

### THIRD CAUSE OF ACTION

### Unlawful Seizure of Property in Violation of the Fourth Amendment

### (By plaintiffs against all defendants)

(42.S.C. § 1983)

22. Plaintiffs reincorporate by reference each of the preceding paragraphs and allegations as if fully set forth herein.

23. Defendants have notified plaintiffs that they will immediately dispose of any personal property left behind after they have been evicted, thereby signaling their intention to violate plaintiffs' Fourth Amendment rights to be free from unreasonable seizure of their property. Defendants' unlawful actions are done with the specific intent to deprive plaintiffs of their constitutional rights to be secure in their property or with reckless disregard of their rights.

24. Plaintiffs are informed and believe that the acts of the defendants and their employees and agents are intentional in failing to protect and preserve their property and that, at minimum, the defendants were deliberately indifferent to the likely consequence that the property would be seized and destroyed unlawfully.

25. As a direct and proximate consequence of the acts of defendants and their agents and employees, plaintiffs will suffer loss of their personal property that they need to survive.

### FOURTH CAUSE OF ACTION

### Violation of the Title II of the Americans with Disabilities Act of 1990

(By plaintiffs THOMPSON, CASTILLO, HEINE, WIDDLEMEN against defendant CALTRANS, BNSF, CITY OF OAKLAND, and COUNTY OF ALAMEDA.)

(42.S.C. § 12132)

26. Plaintiffs reincorporate by reference each of the preceding paragraphs and allegations as if fully set forth herein.

27. Title II of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12132, provides that: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

28. California incorporates all of these federal protections into state law, such that violations of the ADA are also state law violations and also contains a broad and independent disability civil rights mandate. (Cal. Gov't Code § 11135 et seq.)

29. The term "disability" includes persons with mental or physical impairments that limit one or more major life activities. Cal. Gov't Code § 12926 (i) (medical condition), 12926 (j) (mental disability), 12926 (l) (physical disability). Three of the plaintiffs are qualified individuals with disabilities within the meaning of 42 U.S.C. § 12102; 42 U.S.C. § 12131, 28 C.F.R. § 35.104 and Cal. Gov't Code §12926.

30. The ADA and associated state laws obligate public entities to operate each service, program, or activity so that the service, program, or activity, when viewed in its entirety, is readily accessible to and usable by individuals with disabilities. 28 C.F.R. § 35.150.

31. Defendants City of Oakland and County of Alameda operate a program of outreach to homeless people. That program has excluded from participation Plaintiffs in this action with disabilities, and has not provided reasonable accommodation that allows them to benefit from that program. Defendants' failure to adopt policies or procedures that provide reasonable accommodations for homeless people with disabilities denies Plaintiffs with disabilities meaningful access to services in violation of Title II of the Americans with Disabilities Act and 28 C.F.R. § 35.150 and accompanying state law.

32. CALTRANS is a California state agency that has rules, policies, procedures and programs that prescribe how and in what circumstances CALTRANS will clear and close encampments, in what circumstances it will allow them to stay, and how it should work with neighboring jurisdictions and service organizations to provide accessible shelter for people living in the encampments. CALTRANS' rules, policies, procedures, and programs do not accommodate people with disabilities. CALTRANS' refusal to provide people with disabilities the accommodation of additional time to obtain accessible housing results in the denial of the benefits of programs it has established, which is a violation of Title II of the Americans with Disabilities Act.

## FIFTH CAUSE OF ACTION

**Infliction of Cruel and Unusual Punishment in Violation of the Eighth Amendment**

(By plaintiffs against all defendants)

(42 U.S.C. § 1983)

33. Whereas the 8th Amendment of the United States Constution States "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

34. Defendants have violated my Eighth Amendment rights in violation of Martin v. Boise, 902 F.3d 1031, 1045 by threatening arrest if individuals do not comply with evictions and cleanings when individuals have no other place to go. Plaintiff Blain in her Declaration cites examples of individuals being arrested for failure to comply with the eviction process. All plaintiffs explain they have no where else to go. (See, e.g., Declarations of Plaintiffs Thompson and Castillo.)

35. Criminalize in the context of Martin, encompasses the threat of being cited, actually being cited, being arrested, the imposition of any criminal sanctions, or any degree of enforcement of those ordinances by law enforcement against homeless individuals. The court mentioned several times the "credible risk of prosecution" and "credible risk of being

issued a citation". Martin v. Boise, 902 F.3d 1031, 1045. Because the court used risk of, instead of the act of being prosecuted or the act of the citation being issued, it leaves room for ambiguity. "For those rare Eighth Amendment challenges concerning the state's very power to criminalize particular behavior or status, then, a plaintiff need demonstrate only the initiation of the criminal process against him, not a conviction". Id. at 1057. This means that an individual challenging an 8th Amendment violation must only show that the initiation of the first step of the criminal process, which is arrest, has taken place. This further shows that the threat of arrest is enough to meet the definition of criminalize as it applies to Martin.

## SEVENTH CAUSE OF ACTION

**Violation of Freedom to Assemble under the First Amendment**

(By plaintiffs against all defendants)

(42.S.C. § 1983)

36. Whereas the First Amendment States "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances."

37. Defendants have violated my First Amendment Right to assemble by continuously threatening the communities that plaintiffs have built at Wood Street. Many plaintiffs, including Gonzalez and Blain cite to the fact that they live at Wood Street because they feel safe and know their neighbors.

38. By breaking up these communities, Defendants are violating Plaintiffs' freedom to assemble.

## EIGHTH CAUSE OF ACTION

**Conspiracy To Deprive me of my civil rights in Violation of 42 U.S.C. 1985**

(By Plaintiffs against all defendants)

(42SC 1985)

39. Whereas 42 USC 1985 holds entities accountable when two or more people to conspire to deprive persons of their civil rights, the following actions of defendants show the violation of my rights was part of a conspiracy.

40. Caltrans has admitted in its public statements that it is conspiring wth the City of Oakaland, the Office of the Governor, the County of Alameda, and BNSF Railroad to clear out the Wood Street encampment.

41. Whereas this association of agencies constites a conspiracy to deprive plaintiffs of their civil rights as detailed throughout this complaint, Defendants are in violation of 42 U.S.C. 1985.

## NINTH CAUSE OF ACTION

**Monell Claim under 42 U.S.C. 1983**

(By Plaintiffs against)

(42.S.C. 1983)

42. To successfully sue under the *Monell* doctrine and hold the city (or other government entity) liable for an officer's actions, the plaintiff must first show the officer violated a clearly established constitutional right. They must also demonstrate the violation resulted from the city's official policy, an unofficial custom, or because the city was "deliberately indifferent" in failing to train or supervise the officer.

43. Defendants and those working on their behalf have violated plaintiffs xonstitutional rights in numerous ways as documented above. It is believed that defendants all have policies related to the management of homeless encampments. In executing those policies, agents of Defendants have seriously violated Plaintiffs' constitutional rights. Defendants policies of encampment management violate plaintiffs constitutional rights to be free from unlawful seizures of property, to be free from cruel and unusual punishment, and to assemble.

44. Plaintiff Blain also describes other violations in her Declaration, including unlawful destruction and removal of property by Caltrans workers and violence inflicted

against Wood Street residents by CHP agents acting on behalf of BNSF, that demonstrate a deliberate indifference in failing to train or supervise the officers.

## PRAYER FOR RELIEF

1. WHEREFORE, plaintiffs request that this Court grant them relief as follows:
    (a) For compensatory, general, and special damages against each defendant, jointly and severally, amounts to be proven at trial;
    (b) Prejudgment interest;
    (c) For costs of suit and reasonable attorneys' fees and costs as authorized by statute or law;
    (d) For restitution as the Court deems just and proper;
    (e) For injunctive relief;
    (f) For declaratory relief;
    (g) For such other relief as the Court may deem proper.

## DEMAND FOR RELIEF

*[State what you want the Court to do. Depending on your claims, you may ask the Court to award you money or order the defendant to do something or stop doing something. If you are asking for money, you can say how much you are asking for and why you should get that amount, or describe the different kinds of harm caused by the defendant.]*

## DEMAND FOR JURY TRIAL

*[Check this box if you want your case to be decided by a jury, instead of a judge, if allowed.]*

[X] Plaintiff demands a jury trial on all issues.

Respectfully submitted,

Date: 7/18/22   Sign Name: *(signature)*

Print Name: Jackson Blain

COMPLAINT
PAGE 15 OF ___   *[JDC TEMPLATE – 05/17]*

COMPLAINT

Signature page for complaint and application for TRO and Preliminary Injunction

1. Ramona Chorjee 7-17-22
2. Shawn N. Poh
3. Alonzo Chap
4. Markela Day
5. JAMES FOREMAN
6. Ken Shen
7. Amanda ann. Canutt
8. Pierre DANiels
9. DAVID BAHAR
10. Katherine Cavener
11. Phil Jenkins
12. Sean Hicks
13. Abby Dill / Shawn Hicks
14. Jeremy O'Brien / Shaun Ryan
17. Dustin Dy / DUSTIN DENEGA
Jessica Huffman
Matt Sanatzibar

Douglass Sollars
Matthew Buster
Will Schwerma
JAY PRASAD

Signature Page for Complaint and Application for TRO and preliminary Injunction

Esteban Gonzalez

Lilli M. Castillo

Gonzalez Nicolas

Shawn Widomen

greg widomen

Adam Davis 7/17/22

Richard Milton - 7-17-22

John Janoski

Jackson Blain

Alex Heine

James Freeman jr 07-17-22

Mayana Sparks 07-17-22

R. N____ 7-17-22

James Foreman

Antonio Fuentes Diaz  Old Frontage Rd Village

Jennifer Boslar   415-261-7141

*[Insert this page if you need extra space. Number each paragraph.]*

DECLARATION OF _____ IN SUPPORT OF

CASE NO. _____; PAGE ___ OF ___ [*JDC TEMPLATE Rev.2015*]