FILED

JUL 18 2022

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES COURT

DISTRICT OF NORTHERN CALIFORNIA

Jackson Blaine et. All

Plaintiff,

vs.

Caltrans et. All

Defendant

Case No. C22-04178 

MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

1. We the plaintiffs in this action bring this application for a temporary restraining order under Rule 65 of Federal Rules of Civil Procedure to enjoin All Defendants and particularly California Department of Transportation, City of Oakland, and BNSF railroad from destroying our trailers, domiciles, and community on July 20th.

2. We pray the court immediately enjoin defendants from seizing and destroying our property and evicting us without offering alternative shelter from where we are sheltering

MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION - 1

in place from COVID 19 in the properties known as Wood Street under the Highway near Grand Avenue in Oakland.

-

**Table of Authorities**

- ❖ Stuhlbarg Intl. Sales v. John D. Brush Co., 240 F.3d 832 (9th Cir. 2001)
- ❖ Winter v. Natural Res. Defense Council, Inc., 555 U.S. 7, 20 (2008)
- ❖ Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134-35 (9th Cir. 2011)
- ❖ Monterey Mech. Co. v. Wilson, 125 F.3d 702, 715 (9th Cir. 1997)
- ❖ Nelson v. NASA, 530 F.3d 865, 882 (9th Cir. 2008)
- ❖ Nat'l Aero. & Space Admin. v. Nelson, 56 U.S. 134 (2011)
- ❖ Kennedy v. City of Ridgefield, 439 F.3d 1055, 1062 (9th Cir. 2006
- ❖ Munger v. City of Glasgow, 227 F.3d 1082 (9th Cir. 2000)
- ❖ White v. Rochford, 592 F.2d 381 (7th Cir. 1989)
- ❖ Sylvia Landfield Tr. v. City of L.A., 729 F.3d 1189, 1195 (9th Cir. 2013)
- ❖ Martin v. City of Boise, 902 F. 3d 1031, 1048 (9th Cir. 2018).
- ❖ Collier v. Menzel, 221 CalRptr. 110 (Ct. App. 1985).

  ➢ **Local Related Cases and Persuasive Authorities**

- ❖ Sausalito/Marin County Chapter of the California Homeless Union et al vs City of Sausalito et al 21-cv-01143-EMC
- ❖ Marin County Homeless Union et al v. City of Novato et al (4:21-cv-05401)
- ❖ Naretto et al v. City of Petaluma et al (3:21-cv-10027)

MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION - 2

**Procedural Background**

3. The standards for a TRO are the same as those for a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A plaintiff must demonstrate (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm that will result if an injunction is not issued, (3) the balance of equities tips in favor of the plaintiff, and (4) an injunction is in the public interest. *See Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 20 (2008). The Ninth Circuit has clarified that its "sliding scale" approach to preliminary injunctive relief is still viable. That is, if the plaintiff can demonstrate the risk of irreparable injury, under the sliding scale test, the strength of the plaintiff's showing on the merits necessary to secure a preliminary injunction varies with the degree to which the balance of hardship tips in its favor. In other words, preliminary injunctive relief "'is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor.'" *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011).

I. **Likelihood Of Success on The Merits**

**We Are Likely To Succeed on The Merits Because California Department of Transportation Has Been Restrained By This Court Multiple Times In The Past Year In Nearly Identical Circumstances**

MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION - 3

4. A variety of restraining orders have already been granted by this Court against the California Department of Transportation and those acting in concert with them in in the last years *See Blumberg v Chambers 3:22-cv-01834-MMC; Reed et al v City of Emeryville et al 3:21-cv-02781-WHO; Roles v California Department of Transportation 3:21-cv-04435-EMC.* Cal Tran's litigiousness demands the courts intervention. Cal Trans appears to believe that litigation is the best way for us to interface with them.

## We Are Likely To Succeed on The Merits Because Defendants California Department of Transportation and Governor Newsome Are Violating *Martin V Boise* by Not Offering Alternative Shelter - Even Though By Their Own Admission They Will Soon Have Housing Available

5. In spite of the promises of Governor Newsome [See Exhibit April 15th Press Release], the eviction of Wood Street and threats of arrests are coming with no offers of alternative accessible indoor shelter see Dec Jackson Blain ¶3 Kelly Thompson ¶13 Dec James Freeman¶3 Mayana Sparks ¶9  Dec Alex Heine ¶6 Dec Adam Davis ¶8¶9¶10 Dec Kellie Castillo ¶4 Dec John Janosko ¶11. This flouts the decision in *Martin v. City of Boise (9th Cir. 2018) 902 F.3d 1031*

6. Defendants own press release harbinging the eviction states that "rooms will be available late in summer" [See Press Release July 15th]. Yet here plaintiffs are long terms residents who have lived here for years John Janosko (6 years) ¶3 Adam Davis (2 years) ¶4 Sparks (7 years) ¶1 Kellie Castillo (4 years) ¶3 Kelly Thompson (4 years)¶. This begs the question why after all of these years, is Newsomes empty promise of resolution being

MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION - 4

followed by an eviction that is threatening arrest and property seizures against people with no place to go and no alternative shelter being provided.

7. Earlier promises of housing by Gavin Newsome, as well as Cal Trans admission housing will soon have housing available to comply with *Martin v Boise*, raises the issue of the arbitariness of eviction. *See Sylvia Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1195 (9th Cir. 2013) (stating that "'[s]ubstantive due process protects individuals from arbitrary deprivation of their liberty by government'[;] [t]o constitute a violation of substantive due process, the alleged deprivation must 'shock the conscience and offend the community's sense of fair play and decency'"). Here, it is shocking that the Governor of the State is telling the public that we are being housed, when in fact we are not. It is shocking that they say they will soon have housing, but won't wait for housing to be available which they have touted to the public. The timing of this action is shocking.

**We Are Likely To Succeed on The Merits Because Defendants Are Not Storing Property**

8. Cal Trans is not going to be storing property see Dec Jackon Blain ¶10 ¶11 ¶12 ¶13 ¶14 ¶15 Kelly Thompson ¶5 Alex Heine ¶3 Sparks ¶1 ¶4 Kellie Castillo ¶7 Freeman ¶3 Jon Janosko ¶13 Adam Davis ¶10 Nicolas Gonzales ¶10. In the words of Kellie Castillo who has survived many such sweeps, "They come through as if they are tankers to destroy anything and everything in its path" id ¶13. John Janosko also speaks from experience *"Over the years Calt Trans has evicted me over 20 times and they have thrown away everything I have ever owned, They never stored anything of mine. Being evicted means I lose everything. " id ¶13*

MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION - 5

10. The absence of genuine offers of storage for peoples property is unconstitutional under the 4th and 14th amendment. People are having their property searched and seized, and its being done without due process of law. Cal Trans appears to be cognizant of this, because on their notice they give vague offer of "storage for 90 days", however plaintiffs own experience is that no such storage genuinely exists.

11. In *Lavan v. City of Los Angeles (9th Cir. 2012) 693 F.3d 1022* the Ninth Circuit Court of Appeals upheld an injunction that prevented the City of Los Angeles from seizing and destroying homeless property left unattended on public property "Absent an immediate threat to public health or safety, destruction of said seized property without maintaining it in a secure location for a period of less than 90 days."

12. *Kincaid v. City of Fresno* (E.D. Cal., Dec. 8, 2006, 106 CV-1445 OWW SMS) 2006 WL 3542732, held that California Civil Code section 2080.2 imposed a mandatory duty on the defendant city to hold and store impounded property for 90 days. Civil Code 2080.2 provides, *"If the owner appears within 90 days, after receipt of the property by the police department or sheriff's department, proves his ownership of the property, and pays all reasonable charges, the police department or sheriff's department shall restore the property to him."* id.

13. Here, absent of injunctive relief the evidence on the record is that no such storage will occur and that peoples critical items such as trailers, food, water, clothes, and other necessities of survival will be bull dozed and chopped with backhoes in violation of the property rights and physical integrity of residents.

**We Are Likely To Succeed on The Merits of A State Created Danger Claim**
MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION - 6

14. The Ninth Circuit recognizes a substantive due process claim where there is a "state-created danger" – i.e., where a state actor "'affirmatively place[s] an individual in danger' by acting with 'deliberate indifference to [a] known or obvious danger in subjecting the plaintiff to it.'" *Kennedy v. City of Ridgefield, 439 F.3d 1055, 1062 (9th Cir. 2006);* see also id. at 1061 (noting that state action affirmatively places a plaintiff in a position of danger "where state action creates or exposes an individual to a danger which he or she would not have otherwise faced).

15. But that is not the only situation where there is a state-created danger. In Kennedy itself, the Ninth Circuit cited to cases where the state-created danger was, effectively, from the environment. See id. at 1061 n.1 (citing *White v. Rochford, 592 F.2d 381 (7th Cir. 1989),* where "defendants left helpless minor children subject to inclement weather and great physical danger without any apparent justification'"); id. at 1062 (citing *Munger v. City of Glasgow, 227 F.3d 1082 (9th Cir. 2000),* which held that "police officers could be held liable for the hypothermia death of a visibly drunk patron after ejecting him from a bar on a bitterly cold night").

16. In this instant action, Defendants actions are likely to cause irreparable harm or death to plaintiffs. The three primary state created dangers are coming from 1. Medical dangers from COVID 19 and complicating medical conditions, 2. Environmental dangers resulting from destruction of necessities of survival of shelter, food, and water. 3. Exposure to social dangers from private violence through destruction of hard sided shelter and social networks of mutual protection.

**State Created Danger and Irreparable Injury or Death**

MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION - 7

**Irreparable Injury or Death Is Likely Resulting From Break Up Camp and Exposure to COVID 19 in Contradiction of Authoritative Guidance From Center For Disease Control and the Alameda County Health Officer.**

17. Exposure to COVID 19 pandemic and the BA 4 and BA 5 variants that are now surging. Both the Alameda County Health Officer the Center for Disease Control. Both authorities are against eviction, and the CDC particularly against displacement of encampments of unhoused people.

18. The Center for Disease Control authoritative guidance in Exhibit states that *"If individual housing options are not available, allow people who are living unsheltered or in encampments to remain where they are. Clearing encampments can cause people to disperse throughout the community and break connections with service providers. This increases the potential for infectious disease spread."* Id

19. The Alameda County Health Officer states in Ordinance No. 0-2020-41 for the Temporary Eviction Moratorium Due to COVID 19 *"No landlord or lender may a evict a Resident or otherwise require a Resident to vacate a Residential Unit, or retaliate against a Resident, while this section is in effect. It shall be an absolute defense to any unlawful detainer action against a Resident that if the Notice of Termination was served or expired... before (60) days after the expiration of the Local Health Emergency."* id.
    Residents who have been on this property for years, including private property on BNSF railroad, certainly meet the standards as Residents because they have been open and conspicuously occupying the land during that time and have therefore established residency.

MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION - 8

20. Catching COVID, even if immunized, presents both a high risk of death and permanent brain injury.The danger of COVID 19 is beyond dispute even with the availability of vaccines. Defendants actions contradict CDC Guidance and the County Public Health Officer.

**Irreparable Injury or Death Is Likely Resulting From Destruction of Trailers and Hard sided Shelter, Deprivation of Life Sustaining Survival Gear and Services**

21. Wood Street has primarily trailers and structures that will be destroyed absent [See Attached Exhibits of Wood Street] Adam Davis¶4 Mayana Sparks ¶7

22. In this case the court can observe two objective and certain dangers we all face 1. Exposure to the elements of heat, wind, and rain from the destruction of our trailers and domiciles that protect us from the elements.

23. The destruction of domiciles is straightforward danger. Trailers and other hard sided shelter provide places to protect from wind, heat, and rain which can cause injury and death. It also provides locked doors to protect us from violent crime and protect our survival gear. Destruction of this modest dwellings without alternative shelter or a means of preserving property is a known and conspicuous danger beyond dispute.

24. "We have formed a community that watches out for each other, cook meals each day, we created a clothing closet, we provide beds for other homeless people along with tents, sleeping bags, blankets, a restroom, shower, a safe place to exist If we evicted we would lose all of that… We also get medical assistance out here. Lifelong Medical come out and give check ups they deliver prescriptions. Also there are a lot of organizations that the

MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION - 9

wood street community has become really close with and casy we are friends" [Dec John Janosko ¶3¶4¶6 ¶7]

25. Kelly Thompson, a Vietnam Veteran is 74 years old, has had both hips replaced, is recovering from back and shoulder surgery, and has knee problem Dec Kelly Thomposon ¶8. He cannot get into a shelter because he has dogs and PTSD which makes those shelters inaccessible id ¶7¶11.

26. By destroying Mr. Thompson's domicile, defendants not only put him in danger of the elements they make him susceptible to irreparable injury and compromise his recoveries from his back and shoulder surgery.

**Irreparable Injury or Death Is Likely Resulting From Defendants Putting Plaintiffs In Imminent Peril of Private Violence By Destroying Hard sided Shelter and Destroying Networks of Mutual Physical Protection from Violence Particularly for Residents who are Women, Transgender, LGBTQ+, or suffer from Disabilities.**

27. The ninth circuit recognizes state-created danger that arises from "private violence." Id. For example, in *Kennedy v. City of Ridgefield*, the plaintiff filed suit against a city and a police officer after her neighbor's son – whom she had told the police had molested her child – shot her and shot and killed her husband. See id. at 1058 (noting that, according to the plaintiff, the officer promised to give notice "prior to any police contact with the Burns family about her allegations" but failed to give advance notice; also, after belatedly telling the plaintiff about his contact with the neighbor, the officer gave the assurance that the policy would patrol the area around her house and the neighbor's house).

28. Kellie Castillo is terrified to lose her trailer because "Without walls anyone can come in and hurt me id ¶8. Ms. Castillo like many other woman have good reason to fear

MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION - 10

violence. Mayana Sparks was recently shot in both her legs and can hardly walk [Dec Mayana Sparks ¶3] as was her husband James Freeman [Dec James Freeman ¶3].

29. Others vulnerable to violence are like Jackson Blain, who is transgender and at heightened risk of violent crime "*Im a survivor harassment and assaults as a trans person and I will be exponentially at risk of these occurring again if forced to be on my own as a result of my community [being destroyed] which provided acceptance and protection*" Dec Jackson Blain ¶18

**Plaintiffs Will Suffer Irreparable Constitutional Injury**

30. The Ninth Circuit has held a violation of a person's constitutional rights may also constitute irreparable injury see *Monterey Mech. Co. v. Wilson*, 125 F.3d 702, 715 (9th Cir. 1997) (noting that "'an alleged constitutional infringement will often alone constitute irreparable harm'"); *Nelson v. NASA*, 530 F.3d 865, 882 (9th Cir. 2008) (stating that, "[u]nlike monetary injuries, constitutional violations cannot be adequately remedied through damages and therefore generally constitute irreparable harm"), rev'd on other grounds, *Nat'l Aero. & Space Admin. v. Nelson*, 56 U.S. 134 (2011).

31. Here there is obviously violations of the Fourth, Eighth, and Fourteenth Amendment. Defendants are going to seize and destroy peoples property. Defendants are going to do so while threatening people with arrest and not offering alternative shelter. Defendants are going to be people at imminent harm of disease, injury, and environmental exposure without any legitimate due process of law.

32. There is also First Amendment claims of free association and the right to peaceably assemble and be in community together during hard times.

### III. Balance of Equities

33. The balance of equities tips sharply in our favor because this is a life or death situation for many of us.

34. Cal Trans has admitted that they do not currently have shelter [See July 15th Press Release] Governor Newsome has promised resources for the community [See April 15th Press Release]. Yet inspite of all of their representations to us and the public, they are coldly and cruelly putting all of our lives in danger and not offering alternative shelter or even storage for our belongings and trailers.

35. Cal Trans and the Governor are being unreasonable. There must be at a minimum, storage of property, time to move. In a recent decision *Tournahu v Flynn Et Al*, a three day restraining order was lifted and Senior District Judge Chen ordered that the City keep detailed records of offers of shelter and offers of property storage.

### IV. Public Interest

36. It is in the public interest for Defendants not to cause wanton mayhem and destruction of plaintiffs property, preserving the rights of residents, and insuring the rule of law Victor Valley Family Res. Ctr. v. City of Hesperia, 2016 WL 3647340, at *7 (C.D. Cal. July 1, 2016); see also, Melendres v. Arpaio, 695 F.3d 990, 1002 (9th Cir. 2012). 4:18-cv-01239-JSW

MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION - 12

37. Furthermore, it must be recognized Wood Street is exceptionally organized in spite of challenges *"We created a clothing closet, we provide beds for others with tents, sleeping bags, blankets, a restroom, a shower, a safe place to exist. If evicted I would lose all of that"*[Janosko ¶4]

38. Wood Street is internationally known for Cob On Wood, a community project of cob houses with garden, kitchen, shower, and other amenities that act as a hub for the community [See Exhibit Cob On Wood]

39. The destruction of the organic community driven activities for uplifting unhoused residents of Oakland is not in the publics interest. Destroying peoples trailers is not in the publics interest. Violating peoples rights is not in the publics interest. Lying to the public that people are getting housed and shelter itself shows that the actions being is not in the publics interest.

40. The publics interest lies in TRO and preliminary injunction being granted and preventing the mayhem that is about to be wrought by California Department of Transportation and its partners so that Governor Newsome can get another photo op and falsely claim to be solving homelessness.

**Conclusion**

41. We are likely to succeed on the merits of our claim, irreparable harm is present, The court must grant a TRO and PI to at a minimum, ensure people are offered alternative shelter and offered storage for our property *See Tournahu v Flynn et al.*

MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION - 13

**VERIFICATION:** This motion for temporary restraining order was served on Defendants [See Declaration Powelson ¶3 We the undersigned respectfully SEE SUBSEQUENT PAGE

MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION - 14