Rob Bonta
Attorney General of California
Mark R. Beckington
Supervising Deputy Attorney General
Lara Haddad
Deputy Attorney General
State Bar No. 319630
 300 South Spring Street, Suite 1702
 Los Angeles, CA  90013-1230
 Telephone: (213) 269-6250
 Fax: (916) 731-2124
 E-mail: Lara.Haddad@doj.ca.gov
*Attorneys for Governor's Office*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jackson Blain, et al.,<br><br>                                        Plaintiffs,<br><br>     v.<br><br>Gavin Newsom, et al.,<br><br>                                        Defendants. | 3:22-cv-04178-WHO<br><br>**OPPOSITION OF GOVERNOR GAVIN NEWSOM TO MAINTENANCE OF TEMPORARY RESTRAINING ORDER**<br><br>Date:  July 22, 2022<br>Time: 10:30 a.m.<br>Judge: The Hon. William H. Orrick<br>Action Filed:  July 18, 2022 |

## INTRODUCTION

California law provides the California Department of Transportation ("Caltrans") with full possession and control over the State's highways and property acquired for those highways. On July 15, 2022, Caltrans announced that it would be closing one such encampment on Wood Street, located in Oakland ("Wood Street encampment"). On July 18, 2022, several individuals living at the Wood Street encampment brought suit against multiple state, city, and county officials and entities, including the Governor, and applied for a temporary restraining order to halt the planned closure. This Court immediately issued a temporary restraining order prohibiting all Defendants from closing the site until a hearing set for Friday, July 22, 2022, in which Defendants for the first time would have an opportunity to respond to the Plaintiffs' temporary restraining order application.

But the claims brought by Plaintiffs against the Governor are barred by the State's Eleventh Amendment sovereign immunity because, under state law, the Governor plays an insufficiently direct role in the challenged act here—that is, the closure of the Wood Street encampment—to support application of the *Ex parte Young* exception to Eleventh Amendment immunity. Because no exception to Eleventh Amendment sovereign immunity applies, the temporary restraining order cannot be maintained against the Governor. Finally, although the Governor should not be subject to the temporary restraining order or a party to this action, if the Court should decide that the temporary restraining order applies to the Governor at this point, the Governor joins in the Caltrans opposition, and agrees that the temporary restraining order should be denied for the reasons stated therein.

## BACKGROUND

Caltrans operates and maintains the State's highways. Per California Streets and Highways Code[1] § 90, "[Caltrans] shall have full possession and control of all state highways and all property and rights in property acquired for state highway purposes." The Code also provides that "[t]he degree and type of maintenance for each highway, or portion thereof, shall be

---

[1] Unless otherwise noted, all statutory citations are to the California Streets and Highways Code.

1  determined in the discretion of the authorities charged with the maintenance thereof….." § 27.
2  Accordingly, "Caltrans, under its authority to 'do any act necessary, convenient or proper for
3  the . . . maintenance or use of all highways . . ., clears its properties of homeless encampments
4  according to its assessment of the risks posed by each encampment." *Where Do We Go Berkeley*
5  *v. California Department of Transportation*, 32 F.4th 852, 855 (9th Cir. 2022) (citing § 92). With
6  respect to the Wood Street encampment closure, Caltrans announced the order regarding the
7  closure and posted notices regarding the closure at the encampment itself. *See* Plaintiffs'
8  Temporary Restraining Order Application ("Plaintiffs' App."), Ex. N (announcing closure of the
9  Wood Street encampment); Ex. O (same).

## ARGUMENT

**I.   PLAINTIFFS' CLAIMS AS TO THE GOVERNOR ARE BARRED BY THE ELEVENTH AMENDMENT**

The Eleventh Amendment affords a State sovereign immunity against suit, and also "bars a suit against state officials when 'the state is the real, substantial party in interest.'" *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984) (citation omitted). There is one "important exception to this general rule." *Id.* at 102. Under *Ex parte Young*, 209 U.S. 123 (1908), sovereign immunity does not bar a suit against a state official where the suit seeks solely prospective relief and contends that the state official's actions in his or her official capacity violate federal law. *Mecinas v. Hobbs*, 30 F.4th 890, 903 (9th Cir. 2022) (citation omitted). But for this exception to apply, the state officer must have "some connection with enforcement of the act." *Coal. To Defend Affirmative Action v. Brown*, 674 F.3d 1128, 1134 (9th Cir. 2012) (quoting *Ex parte Young*, 209 U.S. at 157). "[T]hat connection 'must be fairly direct; a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit." *Id.* (quoting *L.A. County. Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992); *see also, e.g., National Audubon Soc'y Inc. v. Davis*, 307 F.3d 835, 847 (9th Cir. 2002), *opinion amended on denial of reh'g*, 312 F.3d 416 (9th Cir. 2002).

Here, the Governor lacks the requisite connection to the act being challenged—the clearing of the Wood Street encampment. Per Caltrans' own announcement, Caltrans is the agency in

1  charge of administering the clearing.  *See* Plaintiffs' App., Ex. N ("Caltrans will close the entire
2  Wood Street encampment by the first week of August . . . The department is taking this action to
3  address the increasingly serious safety risks to life, property and infrastructure at the
4  encampment . . . .").[2]  *Id.*  Moreover, notices posted at the Wood Street encampment expressly
5  reference the statutes that grant Caltrans control over the State's highways.  *See* Plaintiffs' App.,
6  Ex. O (citing §§ 27, 90).  This underscores that the clearance is being undertaken by the state
7  department with express and exclusive authority delegated by the state legislature over state
8  highways and rights of ways.  Under controlling precedent, the Governor's supervisory authority
9  over Caltrans as the chief executive of the State is insufficient to overcome Eleventh Amendment
10 immunity.  *See L.A. County Bar Ass'n*, 979 F.2d at 704 ("[A] *generalized* duty to enforce state
11 law or general supervisory power over the persons responsible for enforcing the challenged
12 provision will not subject an official to suit."  (citations omitted, italics added)).

13    That the Governor has visited the Wood Street encampment or has promoted a statewide
14 plan that addresses unhoused communities and highway encampments, see, e.g., Plaintiffs' App.,
15 Ex. M, does not create the necessary nexus to enforcement of the specific challenged act—the
16 closure of the Wood Street encampment.  *See*, *e.g.*, *National Audubon Soc'y*, 307 F.3d at 847 (suit
17 against Governor and state Secretary of Resources was barred because there was "no showing
18 that they have the requisite enforcement connection" to the challenged act).  Such actions point
19 only to the Governor's general policy authority, not specific control over the clearance of the
20 Wood Street encampment.

21    Accordingly, other recent cases that have challenged Caltrans' orders to close encampments
22 (correctly) do not name the Governor, who has no direct connection to the challenged orders.
23 *See*, *e.g.*, *Where Do We Go Berkeley*, 32 F.4th at 855 (noting that Caltrans has the authority to

---

[2] While the Court noted that "the defendants' announcement states that the defendants are coordinating on the closure of the [Wood Street] encampment," TRO at 2, the announcement did not state that the Governor or the Governor's office had a direct role in the clearance.  See Plaintiffs' App., Ex. N.  The announcement only references the recent State budget which continues to build on the Governor's broader priority, endorsed and enacted into law by the state legislature through the state budget process, to increase resources for unhoused individuals and to address supporting local government efforts.  *Id.*

clear highways and related properties of encampments); *see also Blumberg v. Chambers*, No. 3:22-cv-01834-MMC (N.D. Cal. 2022) (filed March 23, 2022).

For these reasons, Plaintiffs' claims are barred against Governor Newsom, and the temporary restraining order should not be maintained against him.

## II.   IN THE ALTERNATIVE, THE TEMPORARY RESTRAINING ORDER APPLICATION SHOULD BE DENIED

If this Court determines that the Governor is not immune from suit in this matter, the temporary restraining order should not be maintained, and Plaintiffs' application should be denied, for the reasons set forth in Caltrans' opposition to the Plaintiffs' App.

## CONCLUSION

For the foregoing reasons, the temporary restraining order should not be maintained against the Governor, and Plaintiffs' application with respect to the Governor should be denied.

Dated: July 21, 2022

Respectfully submitted,

ROB BONTA
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General


*s/ Lara Haddad*
LARA HADDAD
Deputy Attorney General
*Attorneys for Governor's Office*

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | **Blain, Jackson, et al. v. Gavin Newsom, et al.** | No. | **3:22-cv-04178-WHO** |

I hereby certify that on <u>July 21, 2022</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**OPPOSITION OF GOVERNOR GAVIN NEWSOM TO MAINTENANCE OF TEMPORARY RESTRAINING ORDER**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On <u>July 21, 2022</u>, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

## SEE ATTACHED SERVICE LIST

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>July 21, 2022</u>, at Los Angeles, California.

| | |
|---|---|
| Beth L. Gratz | *Beth L. Gratz* |
| Declarant | Signature |

SA2022303157
65288086.docx

# SERVICE LIST
## Case Name: Blain, Jackson, et al. v. Gavin Newsom, et al.
## Case Number: 3:22-cv-04178-WHO

Jackson Blain
637 Hillsborough St., Apt. 2
Oakland, CA  94606
*In Pro Per*

Kellie Castillo
John Janosko
Kelly Thompson
Nicolas Gonzalez
Esteban Gonzalez
Shawn Widomen
Peter A. DOder
Alex Heine
Mayana Sparks
Adam Davis
Richard Milton
Benjamin Murawski
Ramona
James Foreman
Ken Shen
Pierre Daniels
Phil Jenkins
David Bahar
Katherine Cavener
Jeremy Oliviera
Abby Dill
Jessica Higgin
Matt Sanativsar
Dustin Denega
Matthew Buster
Will Schwerma
Douglas Sollars
Jay Prasad

1707 Wood Street
Oakland, CA 94608
*In Pro Per*

07.21.2022