ERIN HOLBROOK, Chief Counsel
G. MICHAEL HARRINGTON, Deputy Chief Counsel
SAMUEL C. LAW, Assistant Chief Counsel
STEPHEN A. SILVER, Deputy Attorney (SBN 214505)
MARK D. GUENZI, Deputy Attorney (SBN 278014)
DEBORAH L. GOODMAN, Deputy Attorney (SBN 276259)
DAVID WILGUS, Deputy Attorney (SBN 219181)
Caltrans Legal Division – Bay Area Office
111 Grand Avenue, Suite 11-100, Oakland, CA 94612
Mail: P.O. Box 24325, Oakland, CA 94623-1325
Telephone: (510) 433-9100, Facsimile: (510) 433-9167

Attorneys for Defendants STATE OF CALIFORNIA,
acting by and through the DEPARTMENT OF TRANSPORTATION, TOKS OMISHAKIN,
and DINA EL-TAWANSY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKSON BLAIN, et al.,<br><br>      Plaintiffs,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF TRANSPORTATION, et al.,<br><br>      Defendants. | Case No.: 3:22-cv-04178-WHO<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT, MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Fed. R. Civ. P. 12(b)(1), 12(b)(6)]<br><br>Date:      September 28, 2022<br>Time:     2:00 p.m.<br>Judge:    Hon. William H. Orrick<br>Courtroom: 2 (17th Floor) |

## NOTICE AND MOTION TO DISMISS OR PROVIDE MORE DEFINITE STATEMENT

### TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on September 28, 2022, at 2:00 p.m., or as soon thereafter as the matter may be heard, in Courtroom 2 – 17th Floor of the above-entitled court located at 450 Golden Gate Avenue, San Francisco, CA 94102, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"), defendants State of California, by and through the Department of Transportation ("California Department of Transportation" or "Caltrans"), Toks Omishakin, and Dina El-Tawansy (collectively, the "State Defendants") will and hereby do move for an order to dismiss the Complaint, and each claim and cause of action

*CALIFORNIA DEPARTMENT OF TRANSPORTATION - LEGAL DIVISION*
*111 Grand Avenue, Suite 11-100*
*Oakland, California 94612*
*Telephone: (510) 433-9100, Facsimile: (510) 433-9167*

CALIFORNIA DEPARTMENT OF TRANSPORTATION - LEGAL DIVISION
111 Grand Avenue, Suite 11-100
Oakland, California 94612
Telephone: (510) 433-9100, Facsimile: (510) 433-9167

thereof, of plaintiffs Jackson Blain ("Blain"), David Bahar ("Bahar"), Matthew Buster ("Buster"), Kellie Castillo ("Castillo"), Katherine Cavener ("Cavener"), Pierre Daniels ("Daniels"), Adam Davis ("Davis"), Dustin Denega ("Denega"), Abby Dill ("Dill"), Peter A. Doder ("Doder"), James Foreman ("Foreman"), Esteban Gonzalez, Nicolas Gonzalez, Alex Heine ("Heine"), Jessica Higgin ("Higgin"), John Janosko ("Janosko"), Phil Jenkins ("Jenkins"), Richard Milton ("Milton"), Benjamin Murawski ("Murawski"), Jeremy Oliviera ("Oliviera"), Jay Prasad ("Prasad"), Ramona, Matt Sanativsar ("Sanativsar"), Will Schwerma ("Schwerma"), Ken Shen ("Shen"), Douglas Sollars ("Sollars"), Mayana Sparks ("Sparks"), Kelly Thompson ("Thompson"), Shawn Widomen ("Widomen"), and Greg Widowmen ("Widowmen") (collectively, "Plaintiffs") in this action pursuant to Rule 12(b)(1) and Rule 12(b)(6) Caltrans is immune from most claims asserted by Plaintiffs. The Court lacks jurisdiction to hear the remaining claims against State Defendants under the Eleventh Amendment. Alternatively, Plaintiffs fail to state cognizable legal claims.

The State Defendants base this Motion on this Notice of Motion, on the Memorandum of Points and Authorities below, any matter of which the court may take judicial notice, and on such other and further evidence or argument as may be submitted at the hearing on this Motion or otherwise.

I.    **INTRODUCTION**............................................................................................. 1

II.   **FACTUAL ALLEGATIONS** ........................................................................ 2

III.  **VARIOUS CLAIMS AND REQUESTED RELIEF ARE BARRED BY SOVEREIGN IMMUNITY OR THE COURT OTHERWISE LACKS JURISDICTION AS TO THE STATE DEFENDANTS (RULE 12(B)(1))** ................. 4

    A. The Eleventh Amendment Bars Plaintiffs from Pursuing Their Federal Constitutional Claims Against Caltrans in Federal Court ............................ 4

    B. Plaintiffs' Federal Constitutional Claims Against Caltrans for Prospective Relief Fail ...................................................................................................... 5

    C. The Constitutional Claims for Money Damages Against State Officials in Their Official Capacity Are Similarly Improper ....................................... 6

    D. The Federal Constitutional Claims for Money Damages Against State Officials Fail ................................................................................................... 7

    E. Plaintiffs' State Constitutional Claim Is Barred under *Pennhurst* ................ 7

IV.  **ALL OF PLAINTIFFS' CLAIMS FAIL ON THE MERITS (RULE 12(B)(6))** ........... 8

    A. Plaintiffs' State-Created Danger Doctrine Claim Under the Fourteenth Amendment Fails (First Cause of Action) ......................................... 9

    B. California Law Does Not Recognize the "State-Created Danger" Doctrine under the California Constitution (Second Cause of Action) ......................... 10

    C. Plaintiffs Fail to Allege an Actual or Threatened Fourth Amendment Violation (Third Cause of Action) ................................................................ 11

    D. Plaintiffs' ADA Claim is Foreclosed by Controlling Ninth Circuit Precedent (Fourth Cause of Action) ............................................................. 11

    E. Plaintiffs' Cruel and Unusual Punishment Claim Fails (Fifth Cause of Action) ............................................................................................................ 13

    F. Plaintiffs' First Amendment Claim Fails (Seventh Cause of Action) ............. 13

    G. Plaintiffs' Conspiracy Claim Fails (Eighth Cause of Action) ......................... 14

    H. *Monell* Liability Does Not Apply to State Actors (Ninth Cause of Action)... 14

V.   **CONCLUSION** ........................................................................................ 15

*///*

*CALIFORNIA DEPARTMENT OF TRANSPORTATION - LEGAL DIVISION*
111 Grand Avenue, Suite 11-100
Oakland, California 94612
Telephone: (510) 433-9100, Facsimile: (510) 433-9167

i

**Cases**

*Adderly v. Florida,*
   385 U.S. 39 (1966) ........................................................................................ 14

*Aitken v. City of Aberdeen,*
   393 F. Supp. 3d 1075 (W.D. Wash. 2019) ........................................................ 13

*Arizonans for Official English v. Arizona,*
   520 U.S. 43 (1997) .......................................................................................... 7

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) .......................................................................... 7, 8, 12

*B&L Productions, Inc. v. 22nd Dist. Agricultural Ass'n,*
   394 F. Supp. 3d 1226 (S.D. Cal. 2019) ............................................................. 6

*Ballinger v. City of Oakland,*
   24 F.4th 1287 (9th Cir. 2022) ......................................................................... 8

*Boquist v. Courtney,*
   32 F.4th 764 (9th Cir. 2022) .......................................................................... 8

*Brooks v. Sulphur Springs Valley Elec. Coop.,*
   951 F.2d 1050 (9th Cir. 1991) ......................................................................... 5

*Caruso v. Hill,*
   Case No. 20-CV-0084-AWI-EPG, 2020 WL 4018141 *10 (E.D. Cal. 2020) .......... 10

*Cerrato v. San Francisco Community College Dist.,*
   26 F.3d 968, 972 (9th Cir. 1994) ..................................................................... 5

*Chandler v. State Farm Mut. Auto. Ins. Co.,*
   598 F.3d 1115 (9th Cir. 2010) ......................................................................... 4

*City of Dallas v. Stanglin,*
   490 U.S. 19 (1989) ........................................................................................ 13

CALIFORNIA DEPARTMENT OF TRANSPORTATION - LEGAL DIVISION
111 Grand Avenue, Suite 11-100
Oakland, California 94612
Telephone: (510) 433-9100, Facsimile: (510) 433-9167

*Coal. to Defend Affirmative Action v. Brown*,
674 F.3d 1128 (9th Cir. 2012) ........................................................................... 5

*Cobine v. City of Eureka*,
250 F.Supp.3d 423 (N.D. Cal. 2017) ............................................................. 9, 10

*Doe v. Regents of the Univ. of Cal.*,
891 F.3d 1147 (9th Cir. 2018) ........................................................................... 6

*Ex Parte Young*,
209 U.S. 123 (1908) ........................................................................................... 6

*Flint v. Dennison*,
488 F.3d 816 (9th Cir. 2007) ............................................................................. 6

*Griffin v. Breckenridge*,
403 U.S. 88 (1971) ........................................................................................... 14

*Hafer v. Melo*,
502 U.S. 21 (1991) ............................................................................................. 7

*Hanson v. Medical Bd. Of Cal.*,
279 F.3d 1167 (9th Cir. 2002) ......................................................................... 11

*In re Jackson*,
184 F.3d 1046 (9th Cir. 1999) ........................................................................... 5

*L.A. Cty. Bar Ass'n v. Eu*,
979 F.2d 697 (9th Cir. 1992) ............................................................................. 6

*Lindsey v. Normet*,
405 U.S. 56, 74 (1972) ....................................................................................... 9

*Litmon v. Harris*,
768 F.3d 1237 (9th Cir. 2014) ........................................................................... 8

*Martin v. Boise*,
920 F.3d 584 (9th Cir. 2019) ........................................................................... 13

*Martinez v. City of Clovis*,
943 F.3d. 1260 (9th Cir. 2019) ......................................................................... 9

*Monell v. Department of Social Services of City of New York,*

   436 U.S. 658 (1978) ................................................................................................ 14

*N. E. Med. Servs., Inc. v. Cal. Dep't of Health Care Servs.,Z*

   712 F.3d 461 (9th Cir. 2013) .................................................................................... 5

*National Audubon Soc'y Inc. v. Davis,*

   307 F.3d 835 (9th Cir. 2002) .................................................................................... 6

*Pennhurst State School & Hosp. v. Halderman,*

   465 U.S. 89, 100 (1984) ....................................................................................... 5, 7

*Raygor v. Regents of Univ. of Minn.,*

   534 U.S. 533 (2002) .................................................................................................. 8

*Reed v. Emeryville,*

   568 F.Supp.3d 1029, 1039-4 ................................................................................. 10

*S.B. v. California Dep't of Educ.,*

   327 F. Supp. 3d 1218 (E.D. Cal. 2018) .................................................................. 8

*Sanchez v. California Dep't of Transp.,*

   2020 WL 9456677 (Cal. Super. 2020) .................................................................. 11

*Sanchez v. City of Fresno,*

   914 F. Supp. 2d 1079, 1101 (E.D. Cal. 2012) ...................................................... 10

*Sato v. Orange County Dept of Educ.,*

   861 F.3d 923 (9th Cir. 2017) .................................................................................... 5

*Shen v. Albany United School Dist.,*

   436 F.Supp.3d 1305 (N.D. Cal. 2020) .................................................................. 10

*Stilwell v. City of Williams,*

   831 F.3d 1234 (9th Cir. 2016) .................................................................................. 5

*Western Mining Council v. Watt,*

   643 F.2d 618 (9th Cir. 1981). ................................................................................... 4

*Where Do We Go Berkeley v. California Department of Transportation,*

   32 F.4th 852 (9th Cir. 2022) .................................................................................. 12

CALIFORNIA DEPARTMENT OF TRANSPORTATION - LEGAL DIVISION
111 Grand Avenue, Suite 11-100
Oakland, California 94612
Telephone: (510) 433-9100, Facsimile: (510) 433-9167

*Will v. Michigan Dept of State Police*,

  491 U.S. 58, 70-71 (1989) ....................................................................... 14

**Rules**

Federal Rules of Civil Procedure 12(b)(1)............................................... 1, 4

Federal Rules of Civil Procedure 12(b)(6)........................................... 1, 8, 12


**Constitutional Provisions**


Cal. Const., Art. I, § 7……………………………………………………...10

U.S. Const., amend I ................................................................................ 13, 14

U.S. Const., amend VIII ................................................................................ 13

U.S. Const., amend XI ............................................................................ passim

U.S. Const., amend XIV ....................................................................... 9, 10, 11


**Federal Statutes**

42 U.S.C. § 12132 ....................................................................................... 3, 11

42 U.S.C. § 1983 ................................................................................. 3, 5, 7, 14

42 U.S.C. § 1985 ..................................................................................... 3, 5, 14

42 U.S.C. § 1986 ............................................................................................. 5

*CALIFORNIA DEPARTMENT OF TRANSPORTATION - LEGAL DIVISION*
111 Grand Avenue, Suite 11-100
Oakland, California 94612
Telephone: (510) 433-9100, Facsimile: (510) 433-9167

CALIFORNIA DEPARTMENT OF TRANSPORTATION - LEGAL DIVISION
111 Grand Avenue, Suite 11-100
Oakland, California 94612
Telephone: (510) 433-9100, Facsimile: (510) 433-9167

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

This action arises from a series of more than 200 fires since March 2020 at an unsanctioned encampment known as "Wood Street" on Caltrans-owned property, culminating in a two-alarm fire on July 11, 2022. The July 11, 2022 fire, under freeway overpasses near Interstate 880 and West Grand Avenue in Oakland, threatened the safety of motorists traveling on the overpasses, individuals experiencing homelessness living below the overpasses, and the broader West Oakland community. The fire prompted Caltrans to accelerate its plan to address the imminent safety risks to life, property, and transportation infrastructure on its property at the encampment. On Friday, July 15, 2022, Caltrans notified Wood Street campers that the area was scheduled for removal in one week.

On Monday, July 18, 2022, more than 20 individuals claiming to be residents of Wood Street ("Plaintiffs") filed a pro se Complaint against Defendants California Department of Transportation ("Caltrans"), its District 4 Director Dina El-Tawansy, and the Secretary of the California State Transportation Agency, Toks Omishakin (erroneously sued as Caltrans's director) (collectively, "State Defendants"); the City of Oakland and its mayor; Governor Gavin Newsom; the County of Alameda and its county administrator; as well as Burlington Northern Santa Fe Railway ("BNSF") and its president. (Defendants Dina El-Tawansy and Toks Omishakin will hereinafter be referred to as "State Officials.") The Complaint purports to allege various constitutional causes of action against all defendants, and a violation of Title II of the Americans with Disabilities Act ("ADA") against the public entity defendants and BNSF. Plaintiffs also sought, and obtained, a temporary restraining order.

The Court should dismiss the Complaint under Rule 12(b)(1) and Rule 12(b)(6). Caltrans is immune from most claims asserted by Plaintiffs, depriving this Court of jurisdiction under the Eleventh Amendment. The Court lacks jurisdiction to hear the remaining claims against State Defendants under the Eleventh Amendment. The remaining claims lack the requisite factual content to be eligible for the relief requested or otherwise fail on the merits.

///

## II.　FACTUAL ALLEGATIONS

On July 18, 2022, Plaintiffs filed a Complaint for injunctive relief and damages against Defendants. Complaint at 2:1-23. Plaintiffs' Complaint demands that defendants be "restrained" from proceeding with the removal of encampments "around Wood Street," "until a proper plan can be made about how to move forward on Wood Street." Complaint at 7:8-9. Plaintiffs seek compensatory, general, and special damages against each defendant; prejudgment interest; costs of suit and reasonable attorneys' fees and costs; restitution; injunctive relief; declaratory relief; and such other relief as the Court may deem proper. Complaint at 14:5-14.

Plaintiffs allege that on July 15, 2022, they received notice that on July 20, Caltrans "and those acting in concert with them" were going to remove the encampments – "our community around Wood Street" – with "backhoes and bulldozers," and "are going to crush our homes – our trailers, our vehicles, our tents and our domiciles"; "destroy our property and not store it"; and "not going to offer us any alternative shelter." Without "immediate injunctive relief," Plaintiffs alleged they "face imminent irreparable harm from an obviously unlawful action." Complaint at 5:2-8.

Plaintiffs allege this "assault is part of a long saga stretching back many years which took a turn on April 15th, when California Governor Newsom[] came to the area around Wood Street … that includes property of California Department of Transportation … City of Oakland property, and Burlington Northern and Santa Fe Railway … property to unveil a 4.7 [m]illion dollar plan to solve homelessness." Complaint at 5:10-15. Newsom "spoke with many of us, promising housing and assistance," but "none of the resources and grand promises of the Governor have materialized." Complaint at 5:15-19. "Instead, all of the property owners are now acting in [c]oncert to eradicate the Wood Street Community." Complaint at 5:19-20. "By their own admission," the planned clearing of the encampments "is a collaboration between Cal Trans [sic], City of Oakland, and the County of Alameda," who, together with BNSF Railroad, "are orchestrating the destruction of our community." Complaint at 5:21-25.

Fliers posted on July 15, Plaintiffs contend, threatened "eviction and seizure of property" and provided "no genuine offers of shelter or the storage of property." Complaint at 5:27-6:2.

CALIFORNIA DEPARTMENT OF TRANSPORTATION - LEGAL DIVISION
111 Grand Avenue, Suite 11-100
Oakland, California 94612
Telephone: (510) 433-9100, Facsimile: (510) 433-9167

CALIFORNIA DEPARTMENT OF TRANSPORTATION - LEGAL DIVISION
111 Grand Avenue, Suite 11-100
Oakland, California 94612
Telephone: (510) 433-9100, Facsimile: (510) 433-9167

Plaintiffs also contend that removing encampments is at odds with guidance from the Centers for Disease Control and Prevention, at a time when Covid-19 hospitalizations are increasing and Alameda County has an eviction moratorium. Complaint at 6:10-24. Plaintiffs call the closure of the encampments a "photo op" for Newsom. Complaint at 6:26-7:9.

The table below summarizes which claims are asserted by which plaintiffs against which defendants.

| | | | |
|---|---|---|---|
| **First** Cause of Action | State-Created Danger Doctrine in Violation of Due Process Guarantee Under the U.S. Constitution (42 U.S.C. § 1983) | All plaintiffs | All defendants |
| **Second** Cause of Action | State-Created Danger Doctrine in Violation of Due Process Guarantees Under California Constitution (42 U.S.C. § 1983 | All plaintiffs | All defendants |
| **Third** Cause of Action | Unlawful Seizure of Property in Violation of the Fourth Amendment (42 U.S.C. § 1983) | All plaintiffs | All defendants |
| **Fourth** Cause of Action | Violation of Title II of the Americans with Disabilities Act of 1990 (42 U.S.C. § 12132) | Thompson, Castillo, Heine, Widdleman [sic] | Caltrans BNSF City of Oakland, County of Alameda |
| **Fifth** Cause of Action | Infliction of Cruel and Unusual Punishment in Violation of the Eighth Amendment (42 U.S.C. § 1983) | All plaintiffs | All defendants |
| **Sixth** Cause of Action | [Omitted by Plaintiffs] | | |
| **Seventh** Cause of Action | Violation of Freedom to Assemble under First Amendment (42 U.S.C. § 1983) | All plaintiffs | All defendants |
| **Eighth** Cause of Action | Conspiracy to Deprive me of my civil rights in Violation of 42 U.S.C. § 1985 | All plaintiffs | All defendants |
| **Ninth** Cause of Action | Monell Claim under 42 U.S.C. § 1983 | All plaintiffs | All defendants |

For ease of reference, the State Defendants will refer to the First, Third, Fifth, Seventh, Eighth and Ninth Causes of Action as the "Federal Constitutional Claims."

The Court already determined that, with the exception of a state-created danger cause of action, Plaintiffs "have not shown a likelihood of success on the merits, or serious questions going to the merits, of their other claims" in its July 22, 2022 Modified Temporary Restraining Order. (ECF No. 40 at 7.)

## III. VARIOUS CLAIMS AND REQUESTED RELIEF ARE BARRED BY SOVEREIGN IMMUNITY OR THE COURT OTHERWISE LACKS JURISDICTION AS TO THE STATE DEFENDANTS (RULE 12(B)(1)

A complaint that fails to establish the requirements of Article III is subject to dismissal for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1); *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1121 (9th Cir. 2010). The burden of establishing the Article III requirements is at all times with the party invoking federal jurisdiction, and at the pleading stage, the relevant facts "must be clearly alleged in the complaint." *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). In resolving such a motion, the court accepts as true the complaint's material factual allegations but does not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Id*. at 624 (further explaining that a court "cannot construe the complaint so liberally as to extend [its] jurisdiction beyond its constitutional limits").

### A. The Eleventh Amendment Bars Plaintiffs from Pursuing Their Federal Constitutional Claims Against Caltrans in Federal Court

The Eleventh Amendment of the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI. Eleventh Amendment immunity is a threshold issue that must be resolved at the outset of the case. As the Ninth Circuit has explained, a court should resolve Eleventh Amendment immunity issues "before [it] reach[es] the merits of this case," since the Eleventh Amendment "limits the jurisdiction of the

CALIFORNIA DEPARTMENT OF TRANSPORTATION - LEGAL DIVISION
111 Grand Avenue, Suite 11-100
Oakland, California 94612
Telephone: (510) 433-9100, Facsimile: (510) 433-9167

federal courts." *In re Jackson*, 184 F.3d 1046, 1048 (9th Cir. 1999); *see also Coal. to Defend Affirmative Action v. Brown*, 674 F.3d 1128, 1133 (9th Cir. 2012) (similar).[1]

"The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state." *Brooks v. Sulphur Springs Valley Elec. Coop.*, 951 F.2d 1050, 1053 (9th Cir. 1991) (internal citations omitted). The Eleventh Amendment bars suits against state agencies, as well as those where the state itself is named as a defendant. *See, e.g., Sato v. Orange County Dept of Educ.*, 861 F.3d 923, 928 (9th Cir. 2017) ("It is well established that agencies of the states are immune under the Eleventh Amendment from private damages or suits for injunctive relief brought in federal court."). This bar applies to claims asserted under 42 U.S.C. § 1983 and 42 U.S.C. § 1985, since neither of these statutes abrogated California's sovereign immunity. *See Stilwell v. City of Williams*, 831 F.3d 1234, 1245 (9th Cir. 2016) (explaining that § 1983 did not abrogate state's Eleventh Amendment immunity and therefore does not allow suits against states themselves); *Cerrato v. San Francisco Community College Dist.,* 26 F.3d 968, 972, 975 (9th Cir. 1994) (Eleventh Amendment bars § 1983, § 1985and § 1986 claims against states).

Here, Plaintiffs name Caltrans as a defendant in their Federal Constitutional Claims. However, Caltrans is a state agency and therefore immune from all claims alleging federal or state constitutional violations in federal court. Therefore, the Court lacks subject matter jurisdiction to hear the Federal Constitutional Claims asserted against Caltrans. The Court should dismiss Caltrans from all such claims.

### B. Plaintiffs' Federal Constitutional Claims Against Caltrans for Prospective Relief Fail

As discussed above, Caltrans is immune from suits seeking money damages or prospective relief such as injunctions or judicial declarations. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (Eleventh Amendment's jurisdictional bar applies regardless of the nature of the relief sought against the state).

---

[1] This is true even if the Eleventh Amendment bars some claims or sought-after remedies, such as damages claims, but not others, such as claims for prospective relief. *See, e.g., N. E. Med. Servs., Inc. v. Cal. Dep't of Health Care Servs.*, 712 F.3d 461, 466-71 (9th Cir. 2013).

CALIFORNIA DEPARTMENT OF TRANSPORTATION - LEGAL DIVISION
111 Grand Avenue, Suite 11-100
Oakland, California 94612
Telephone: (510) 433-9100, Facsimile: (510) 433-9167

The Supreme Court recognized an exception to Eleventh Amendment immunity in *Ex Parte Young*, 209 U.S. 123 (1908), which held that the Eleventh Amendment does not bar suits seeking prospective injunctive or declaratory relief against state officials in their official capacity. *See, e.g., Doe v. Regents of the Univ. of Cal.*, 891 F.3d 1147, 1153 (9th Cir. 2018) (under *Ex parte Young* exception, a party may seek prospective relief against individual state officer in her official capacity).

For the exception to apply, the state official must have some connection with the alleged constitutional violation. *B&L Productions, Inc. v. 22nd Dist. Agricultural Ass'n*, 394 F. Supp. 3d 1226, 1239-40 (S.D. Cal. 2019). Otherwise, a suit merely makes the official a party as a representative of the State, and thereby impermissibly attempts to make the State a party. *Id.* at 1239. "The connection must be fairly direct; a generalized duty to enforce state law or general supervisory power over the persons responsible" for engaging in the conduct alleged to be a constitutional violation will not subject that official to suit. *L.A. Cty. Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992).

Here, even assuming, *arguendo*, that Plaintiffs are suing the individual State Officials in their official capacity, their connection(s) with the alleged constitutional violations is/are unclear. There are no facts explaining what those connections are alleged to be. It appears that Plaintiffs only named the individual State Officials under the belief they had a supervisory role of those who clear encampments. This is insufficient to invoke the *Ex parte Young* exception. *See L.A. County Bar Ass'n v. Eu*, 979 F.2d at 704; *see also National Audubon Soc'y Inc. v. Davis*, 307 F.3d 835, 847 (9th Cir. 2002), *opinion amended on denial of reh'g*, 312 F.3d 416 (9th Cir. 2002) (suit against Governor and state Secretary of Resources barred because there was "no showing that they have the requisite enforcement connection" to the challenged act). Therefore, the Court lacks jurisdiction of Plaintiffs' Federal Constitutional Claims for prospective relief.

**C. The Constitutional Claims for Money Damages Against State Officials in Their Official Capacity Are Similarly Improper**

The Eleventh Amendment also bars damages actions against state officials in their official capacity. *See Flint v. Dennison*, 488 F.3d 816, 824–25 (9th Cir. 2007) (suit against state

official in his or her official capacity is no different from a suit against the State itself). State officials sued in their official capacity for damages are not "persons" for purposes of 42 U.S.C. § 1983. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 n.24 (1997); *Hafer v. Melo*, 502 U.S. 21, 27 (1991).

Here, Plaintiffs appear to have named State Officials as defendants in their Federal Constitutional Claims, but do not specify in what capacity they are being sued. To the extent Plaintiffs' Federal Constitutional Claims seek money damages against State Officials in their official capacity, the Court lacks jurisdiction to hear such claims. Therefore, such claims must be dismissed.

### D. The Federal Constitutional Claims for Money Damages Against State Officials Fail

To the extent Plaintiffs seek money damages against state officials in their personal capacities (the only capacity in which Plaintiffs could recover money damages), Plaintiffs must plead that each state official, through the state official's own individual actions, violated a constitutional right. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Labels and conclusions must be ignored for purposes of analyzing the sufficiency of a complaint. *Id.* at 680-81. Instead, Plaintiffs must allege facts from which a court could draw an inference the State Officials are liable for the conduct alleged. *Id.*

Here, the State Officials' names are mentioned only once, on page three of the 19-page Complaint, in the section of the Justice and Diversity Center's form that prompts a plaintiff to list the names and addresses of defendants. ECF No. 1, p. 3. No conduct particular to each State Official is set forth in the substantive allegations of Plaintiffs' Complaint. *See id.*, pp. 5-19. Therefore, Plaintiffs' claims against State Officials in their personal capacities for money damages must be dismissed, as the Court lacks jurisdiction over these claims as well.

### E. Plaintiffs' State Constitutional Claim Is Barred under *Pennhurst*

It is well-established that the Eleventh Amendment immunizes a state from claims for violations of state law, including state constitutional claims, brought in federal court. *See, e.g., Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 106 (1984) (under the Eleventh

CALIFORNIA DEPARTMENT OF TRANSPORTATION - LEGAL DIVISION
111 Grand Avenue, Suite 11-100
Oakland, California 94612
Telephone: (510) 433-9100, Facsimile: (510) 433-9167

Amendment, a federal court may not grant relief "in a suit against state officials on the basis of state law."). Moreover, Eleventh Amendment immunity "extends to state law claims over which a federal court could exercise supplemental jurisdiction." *S.B. v. California Dep't of Educ.*, 327 F. Supp. 3d 1218, 1235 (E.D. Cal. 2018) (citing *Raygor v. Regents of Univ. of Minn.*, 534 U.S. 533, 541 (2002)). Because such state-law claims are barred, Plaintiffs' Second Causes of Action is barred by the Eleventh Amendment.

To summarize, Plaintiffs' First, Second, Third, Fifth, Seventh, Eighth and Ninth Causes of Action against Caltrans must be dismissed under the Eleventh Amendment, and the same claims against State Officials for prospective relief and damages must be dismissed due to Plaintiffs' failure to allege particular wrongful conduct committed by State Officials personally.

## IV. ALL OF PLAINTIFFS' CLAIMS FAIL ON THE MERITS (RULE 12(B)(6)

Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Ballinger v. City of Oakland*, 24 F.4th 1287, 1292 (9th Cir. 2022). To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*; *Boquist v. Courtney*, 32 F.4th 764, 773 (9th Cir. 2022).

A complaint does not require detailed factual allegations, but it demands more than an unadorned the-defendant-unlawfully-harmed-me accusation. *Iqbal*, 556 U.S. at 678. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not suffice. *Id.* Naked assertions devoid of further factual enhancement are likewise insufficient. *Id.*

Where a plaintiff proceeds pro se, the court is to construe the pleadings liberally. *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014). However, a liberal interpretation of a pro se civil rights complaint may not supply essential elements of a claim that were not initially pled. *Id.* Vague and conclusory allegations, even from a pro se plaintiff, are insufficient to survive a motion under Rule 12(b)(6).

### A. Plaintiffs' State-Created Danger Doctrine Claim Under the Fourteenth Amendment Fails (First Cause of Action)

The State-Created Danger doctrine derives from the 14th Amendment and is an exception to the general rule that a state's failure to protect an individual against private violence does not violate substantive due process. *Cobine v. City of Eureka*, 250 F.Supp.3d 423 (N.D. Cal. 2017). To survive a motion to dismiss, Plaintiffs must plausibly allege three elements: (1) that a state official's affirmative actions created or exposed them to an actual, particularized danger from a third party that they would not have otherwise faced; (2) that the injury suffered was foreseeable; and (3) that the state official was deliberately indifferent to the known dangers. *See, e.g., Martinez v. City of Clovis*, 943 F.3d. 1260, 1271 (9th Cir. 2019) (discussing elements of state-created danger claim). In evaluating whether a state official affirmatively exposed a plaintiff to "an actual, particularized danger," the court does not look solely to the agency of the individual, or what options may or may not have been available to her. *Id.* Instead, the court must consider whether the official left the person in a situation that was more dangerous than the one in which the official found the person. *Id.*

Plaintiffs fail to plausibly allege a claim under this doctrine. Plaintiffs' First Cause of Action consists of six paragraphs, ¶ 12-17. The first paragraph is an incorporation-by-reference paragraph. The second, third, and fourth paragraphs consist of general recitations of the state-created danger doctrine. Complaint ¶ 13-15. The fifth paragraph is the only paragraph containing any factual allegations to support plaintiffs' theory: "By clearing the homeless encampments at Wood Street and failing to provide alternative safe housing, where those acts have made Plaintiffs and other similarly situated unhoused persons at greater risk of COVID-19 infection, injury, and death, Defendants have affirmatively placed and continue to place Plaintiffs in known or obvious danger." Complaint, ¶ 16.

The only actions of Defendants that Plaintiffs identify are (1) the failure to provide alternative housing, and (2) the clearing of the homeless encampment. To the extent Plaintiffs allege Caltrans is liable for the failure to provide housing, there is no right to shelter (*Lindsey v. Normet*, 405 U.S. 56, 74 (1972); *Sanchez v. City of Fresno*, 914 F. Supp. 2d 1079, 1101 (E.D.

Cal. 2012)), nor does any case recognize a right for a trespasser upon real property to services, relocation, or the provision of shelter. And, there is no allegation that clearing of the homeless encampment puts Plaintiffs in any danger from third parties. Without actual harm "from a third party, the state created danger doctrine does not apply. *Caruso v. Hill*, Case No. 20-CV-0084-AWI-EPG, 2020 WL 4018141 *10 (E.D. Cal. 2020).

Plaintiffs have been subject to the dangers of homelessness. Removal from Caltrans property does not change this status or the dangers faced by Plaintiffs. *See Cobine*, 250 F.3d at 433 ("In the absence of particular allegations that the state action put the Plaintiffs in an inherently dangerous situation, the Court is bound to find that the generalized dangers of living on the street preexisted" homeless individuals' relocation). To the contrary, Caltrans seeks to remove Plaintiffs from a place known to be dangerous for them. Over 200 fires have occurred at the Wood Street encampment over the last two years, and the make-shift structures erected by Plaintiffs or others are not built to safety standards. *See Reed v. Emeryville*, 568 F.Supp.3d 1029, 1039-41 (homeless individuals' state-created danger claims failed at a matter of law given that a shelter bed is safer than an encampment abutting an active construction site).

Therefore, the Court should dismiss this cause of action as against the State Defendants.

### B. California Law Does Not Recognize the "State-Created Danger" Doctrine under the California Constitution (Second Cause of Action)

Plaintiffs assert they are entitled to relief under a State-Created Doctrine that they allege has been implied in Article 1, Section 7 of the California Constitution. That section is similar, but not identical, to some of the text of the 14th Amendment. However, no such doctrine has been recognized under the California Constitution. *Shen v. Albany United School Dist.*, 436 F.Supp.3d 1305, 1315 (N.D. Cal. 2020). "[I]t is emphatically not the role of this federal court to create new doctrines under the California state constitution." *Id.* Therefore, the Court should dismiss this cause of action against the State Defendants.

Even assuming, *arguendo*, that such a doctrine exited under the California Constitution, Plaintiffs Second Cause of Action would fail for the same reasons its First Cause of Action fail: Plaintiffs have not and cannot plead that the affirmative actions taken by State Defendants

CALIFORNIA DEPARTMENT OF TRANSPORTATION - LEGAL DIVISION
111 Grand Avenue, Suite 11-100
Oakland, California 94612
Telephone: (510) 433-9100, Facsimile: (510) 433-9167

CALIFORNIA DEPARTMENT OF TRANSPORTATION - LEGAL DIVISION
111 Grand Avenue, Suite 11-100
Oakland, California 94612
Telephone: (510) 433-9100, Facsimile: (510) 433-9167

created or exposed Plaintiffs to an actual, particularized danger that they would not have otherwise faced. Therefore, the Court should dismiss this cause of action against the State Defendants.

### C. Plaintiffs Fail to Allege an Actual or Threatened Fourth 14 amend Violation (Third Cause of Action)

Plaintiffs do not allege that the State Defendants have taken any of their property. Plaintiffs only contend that they fear that their possession will be taken during the clearing. However, as the Court observed in its July 22, 2022 Modified Temporary Restraining Order (ECF No. 40), Caltrans is under an injunction from a state-court class action settlement, *Sanchez v. California Dep't of Transp.*, 2020 WL 9456677 (Cal. Super. 2020). That injunction requires Caltrans to store property of $50 value or more or property that appears to have personal value for at least 60 days after it clears out an encampment and return it (so long as the property does not create a risk to employees). Plaintiffs fail to plausibly allege an actual or threatened Fourth Amendment violation. Therefore, this cause of action must be dismissed.

### D. Plaintiffs' ADA Claim is Foreclosed by Controlling Ninth Circuit Precedent (Fourth Cause of Action)

Title II of the ADA provides, "… no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity." 42 U.S.C. § 1232. By enacting Title II, "Congress validly abrogated state sovereign immunity, and thus states and their agencies may be sued" in federal court. *Hanson v. Medical Bd. Of Cal.*, 279 F.3d 1167, 1170 (9th Cir. 2002).

To plead a prima facie case for violation of Title II of the ADA, a plaintiff must plausibly allege that (1) she is a qualified individual with a disability; (2) she was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of her disability. *See Where Do We Go Berkeley v. California*

CALIFORNIA DEPARTMENT OF TRANSPORTATION - LEGAL DIVISION
111 Grand Avenue, Suite 11-100
Oakland, California 94612
Telephone: (510) 433-9100, Facsimile: (510) 433-9167

*Department of Transportation*, 32 F.4th 852, 860 (9th Cir. 2022) (discussing elements of Title II ADA claim); *Iqbal*, 556 U.S. at 678.

In the Fourth Cause of Action, three or four plaintiffs[2] allege they "are qualified individuals with disabilities" in the language of the statute. Complaint, ¶ 29. They also allege Caltrans's unspecified "rules, policies, and programs that prescribe how and in what circumstances CALTRANS will clear and close encampments . . . and how it should work with neighboring jurisdictions and service organizations to provide accessible shelter for people living in the encampments" fail to accommodate people with disabilities and therefore deny the three or four plaintiffs the benefits of a "program." Complaint, ¶ 32.

The Complaint lacks any factual allegations to support any of the elements. In analyzing the sufficiency of plead claims, *Iqbal* advises a court to first disregard all legal conclusions devoid of any supported factual allegations and mere recitations of the elements of a cause of action. *Iqbal*, 556 U.S. at 678. Allegations that a few of the plaintiffs "are qualified individuals with disabilities" that were denied the benefit of an undefined program fall under this category. They are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 679.

There are no facts that would permit a court to infer that any plaintiff is a qualified individual with a disability. There is no allegation as to how any plaintiff was excluded from or denied the benefits of the undefined program. There is no allegation that Caltrans discriminated against any "qualified individual." There is no allegation as to how such an exclusion or denial of benefit was "by reason of" a disability. Without such allegations, Plaintiffs' claim does not cross the line from "conceivable" to "plausible" to survive a Rule 12(b)(6) motion. *Iqbal*, 556 U.S. at 680-81. Therefore, Plaintiffs fail to state a claim upon which relief can be granted under this theory.

In any event, Plaintiffs' claim is foreclosed by *Where Do We Go Berkeley*, which squarely held the ADA does not constrain Caltrans' ability to conduct clearances of encampments that pose health or safety risks. *Where Do We Go Berkeley*, 32 F.4th at 861-65.

---

[2] The caption on this cause of action identifies four plaintiffs ("By plaintiffs THOMPSON, CASTILLO, HEIN, WIDDLEMEN"), whereas paragraph 15 states that only "Three" plaintiffs are qualified individuals with disabilities.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### E. Plaintiffs' Cruel and Unusual Punishment Claim Fails (Fifth Cause of Action)

The Eighth Amendment to the Constitution prohibits cruel and unusual punishment.  U.S. Const. amend. VIII. In *Martin v. Boise*, 920 F.3d 584 (9th Cir. 2019), the Ninth Circuit held that criminalizing people for engaging in unavoidable human acts, such as sleeping or resting outside when they have no access to shelter, violates the Eighth Amendment. *Id.* at 617.

Plaintiffs' Fifth Cause of Action fails to plead a claim upon which relief can be granted as against the State Defendants. Plaintiffs allege that "Criminalizing" in the context of *Martin*, "encompasses the threat of being cited, actually being cited, being arrested, the imposition of any criminal sanctions, or any degree of enforcement of those ordinances by law enforcement against homeless individuals", the "credible risk of prosecution," or "credible risk of being issued a citation". Complaint, ¶ 35.

But here, as the Court has already noted, "Caltrans solely seeks to prohibit the plaintiffs from living on a discrete property, so the concerns in *Martin* have not been shown to be present. *Cf. Martin v. City of Boise*, 920 F.3d 584, 617 (9th Cir. 2019) (emphasizing that the holding did not create a constitutional right to sit, sleep, or lie in 'any place' (internal quotation marks and citation omitted))."  ECF No. 40 at 8.  Because "*Martin* does not limit [Caltrans's] ability to evict homeless individuals from particular public places," like underneath an interstate freeway, this claim must be dismissed. *Aitken v. City of Aberdeen*, 393 F. Supp. 3d 1075, 1082 (W.D. Wash. 2019).

### F. Plaintiffs' First Amendment Claim Fails (Seventh Cause of Action)

Supreme Court precedent has recognized two sorts of "freedom of association" that are protected by the United States Constitution: (1) the right to make choices about entering into and maintaining certain intimate human relationships, and (2) the right to associate for the purposes of engaging in activities protected by the First Amendment, e.g., speech, assembly, petition for redress of grievances, and the exercise of religion. *City of Dallas v. Stanglin*, 490 U.S. 19 (1989). Neither right is implicated on the facts Plaintiffs allege. Plaintiffs allege that "Defendants have

violated my First Amendment Right to assemble by continuously threatening the communities the plaintiffs have built on Wood Street. Many plaintiffs cite to the fact that they live at Wood Street because they feel safe and know their neighbors" and "By breaking up these communities, Defendants are violating Plaintiffs' freedom to assemble." Complaint, p.23:19-24. But "The State, no less than a private owner of property, has power to preserve the property under its control for the use to which it is lawfully dedicated." *See Adderly v. Florida*, 385 U.S. 39, 47 (1966) (trespass conviction for protesting within jail did not violate student demonstrators' rights to freedom of assembly). Plaintiffs have no right to assemble on property that does not belong to them. Therefore, this claim must be dismissed.

## G.  Plaintiffs' Conspiracy Claim Fails (Eighth Cause of Action)

Plaintiffs seek to hold all defendants liable under 42 U.S.C. § 1985, presumably paragraph (3), which imposes liability on "persons" who conspire to deprive plaintiffs of a civil right or deny them equal protection of the laws. 42 U.S.C. § 1985(3). A conspiracy under this paragraph requires some racial, or protected-class-based, invidiously discriminatory animus behind the conspirators' actions. *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). Plaintiffs do not allege this required element, nor any facts that would support it. This cause of action must be dismissed as against the State Defendants.

## H.  *Monell* Liability Does Not Apply to State Actors (Ninth Cause of Action)

In *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), the Supreme Court held that municipalities (unlike states) could be considered "persons" for the purposes of § 1983 and could therefore be sued in federal court for constitutional violations under certain conditions.  Caltrans and its State Officials are not municipalities. Therefore, the *Monell* doctrine is inapplicable to them. *See, e.g., Will v. Michigan Dept of State Police*, 491 U.S. 58, 70-71 (1989) ("it does not follow that if municipalities are persons [under § 1983] then so are States. States are protected by the Eleventh Amendment while municipalities are not"; neither a state nor its officials acting in their official capacities are "persons" under § 1983) Therefore, Plaintiffs fail to plead a claim on which relief can be granted on this theory. The "Ninth" Cause of Action should be dismissed as against State Defendants.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## V.     CONCLUSION

Caltrans is immune from most claims asserted by Plaintiffs. The Court lacks jurisdiction to hear the remaining claims against State Defendants under the Eleventh Amendment. Alternatively, Plaintiffs fail to state cognizable legal claims. Therefore, the Court should dismiss Plaintiffs' claims against the State Defendants.

DATED:  August 9, 2022

ERIN HOLBROOK
G. MICHAEL HARRINGTON
SAMUEL C. LAW
STEPHEN A. SILVER
MARK D. GUENZI
DEBORAH L. GOODMAN
DAVID WILGUS

By  /S/ *Deborah L. Goodman*
Attorneys for Defendants STATE OF CALIFORNIA, acting by and through the Department of Transportation, TOKS OMISHAKIN, and DINA EL-TAWANSY

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT, MEMORANDUM OF POINTS AND AUTHORITIES