UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKSON BLAIN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF TRANSPORTATION, et al.,<br><br>    Defendants. | Case No. 3:22-cv-04178-WHO (JD)<br><br>**ORDER RE TEMPORARY RESTRAINING ORDER** |

The *pro se* plaintiffs in this suit have asked to modify a temporary restraining order ("TRO") issued by the Hon. William H. Orrick. Dkt. No. 59. The request has been transferred to the Hon. James Donato as General Duty Judge. It is denied.

The TRO currently in place restrains the California Department of Transportation ("Caltrans") from closing an encampment of individuals experiencing homelessness on land owned by Caltrans near Wood Street in Oakland, California. *See* Dkt. No. 40. Plaintiffs are individuals who live on Caltrans's land. *Id.* at 5. They ask to "expand the existing TRO to enjoin the City of Oakland" from carrying out a closure of an encampment on a neighboring piece of land that Oakland, not Caltrans, owns. Dkt. No. 59 at 1-2, 5.

Judge Orrick considered a similar request in the prior TRO proceedings, and denied it. As Judge Orrick stated:

> At the hearing, the plaintiffs requested that the TRO extend to land owned by the City of Oakland that abuts the Wood Street encampment land owned by Caltrans. The plaintiffs have not made a showing of imminent unconstitutional conduct by Oakland.

> Accordingly, the TRO does not extend to Oakland's property.  The City also represented at the hearing that it makes offers of shelter to all individuals when it clears an encampment; it is, of course, bound by that representation.

Dkt. No. 40 at 4 n.4.  The TRO expressly defined the encampment at issue to include only "the area possessed by Caltrans, not the City of Oakland or other entities." *Id.* at 8.

Plaintiffs filed a declaration to the effect that Oakland posted notices on August 5, 2022, stating it would "clear and close" the encampment on its land from August 15 to August 18.  Dkt. No. 59 at 4; *see also* Dkt. No. 59-1 (declaration).  They say that a TRO is warranted because Oakland's actions will likely violate: (1) the Fourteenth Amendment's Due Process Clause by placing individuals on the land in undue danger in violation of the state-created danger doctrine; (2) the Fourth Amendment by carrying out unreasonable seizures of individuals' property during the closure without storing or returning it; (3) the Eighth Amendment by prohibiting individuals from residing there without offering alternative shelter; and (4) the Americans with Disabilities Act by not providing reasonable accommodations to individuals with disabilities. *See* Dkt. No. 59 at 9-14, 16.

The problem with plaintiffs' request is that they have not demonstrated standing to pursue these claims, which is their burden to show.  *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).  To have standing, a "plaintiff must have suffered an 'injury in fact' -- an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Id.* (internal quotation marks and citations omitted).  The injury must be "fairly traceable" to the challenged action and redressable by favorable judicial decision. *Id.*

As the plaintiffs acknowledge, none of them lives on the land subject to Oakland's proposed actions; they all live on Caltrans's adjoining land. *See* Dkt. No. 59 at 8 ("[N]one of the residents of the noticed parcel are currently named plaintiffs . . . .").  Consequently, they cannot show a concrete and particularized risk of injury to themselves, and so lack standing to challenge Oakland's actions.  The fact that some individuals might move from the Oakland to the Caltrans site, *id*. at 8-9 does not, in itself, demonstrate a concrete injury to plaintiffs from Oakland's actions.

2

Plaintiffs' main response is to say that they "intend to amend their complaint to include all individuals living at Wood Street." Dkt. No. 59 at 8. An amended complaint has not been filed. To be sure, in certain limited circumstances relief may be ordered for non-parties as a result of expedited proceedings. *Cf. Al Otro Lado v. Wolf*, 952 F.3d 999, 1006 n.6 (9th Cir. 2020) (holding that relief could issue to putative class members for a related but unpleaded claim when necessary to protect the court's own jurisdiction). But those circumstances are not present here. Plaintiffs seek relief against a different defendant for actions on a different piece of land with potentially different concerns and equities, and based in part on different causes of action. Oakland is also differently situated than Caltrans because it provided a longer notice of the clear-out action, and Oakland previously "represented at the hearing that it makes offers of shelter to all individuals when it clears an encampment." Dkt. No. 40 at 4 n.4.

In light of plaintiffs' lack of standing, the traditional TRO and injunction factors need not be addressed. *See LA Alliance for Human Rights v. Cnty. of Los Angeles*, 14 F.4th 947, 956 (9th Cir. 2021). The TRO application is denied.

**IT IS SO ORDERED.**

Dated: August 12, 2022

James Donato
United States District Judge