1  ERIN HOLBROOK, Chief Counsel
2  G. MICHAEL HARRINGTON, Deputy Chief Counsel
   SAMUEL C. LAW, Assistant Chief Counsel
3  STEPHEN A. SILVER, Deputy Attorney (SBN 214505)
   MARK D. GUENZI, Deputy Attorney (SBN 278014)
4  Caltrans Legal Division – Bay Area Office
   111 Grand Avenue, Suite 11-100, Oakland, CA 94612
5  Mail: P.O. Box 24325, Oakland, CA 94623-1325
   Telephone: (510) 433-9100, Facsimile: (510) 433-9167
6
   Attorneys for Defendants STATE OF CALIFORNIA,
7  acting by and through the DEPARTMENT OF TRANSPORTATION ("CALTRANS"); DINA
   EL-TAWANSY; and TOKS OMISHAKIN

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKSON BLAIN; JOHN JANOSKO; KELLIE CASTILLO; KELLY THOMPSON; NICOLAS GONZALEZ; ESTEBAN GONZALEZ; SHAWN WIDOMEN; PETER A. DODER; ALEX HEINE; MAYANA SPARKS; ADAM DAVIS; RICHARD MILTON; BENJAMIN MURAWSKI; RAMONA; GREG WIDOWMEN; JAMES FOREMAN; KEN SHEN; PIERRE DANIELS; PHIL JENKINS; DAVID BAHAR; KATHERINE CAVENER; JEREMY OLIVIERA; ABBY DILL; JESSICA HIGGIN; MATT SANATIVSAR; DUSTIN DENEGA; MATTHEW BUSTER; WILL SCHWERMA; DOUGLAS SOLLARS; JAY PRASAD,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF TRANSPORTATION; DINA EL-TAWANSY; CITY OF OAKLAND; ED REISKIN; BURLINGTON NORTHERN SANTA FE RAILROAD; SUSAN MURANISHI; GOVERNOR GAVIN NEWSOM; COUNTY OF ALAMEDA; TOKS OMISHAKIN; KATHERYN FARMER; LIBBY SCHAAF,<br><br>Defendants. | Case No.: 3:22-cv-04178-WHO<br><br>**EX PARTE MOTION TO ADVANCE HEARING ON MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER AND RESPONSE TO ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION**<br><br>[Local Rules 6-1, 6-3, and 7-10]<br><br>Date of Hearing: August 26, 2022<br>Time:            10:00 a.m.<br>Judge:           Hon. William H. Orrick |

Pursuant to Local Rules 6-1, 6-3, and 7-10, Defendants State of California, acting by and through the Department of Transportation ("California Department of Transportation" or "Caltrans"), Dina El-Tawansy, and Toks Omishakin (collectively, "Caltrans Defendants") bring to the Court's attention two notable fires in the last week in the Wood Street encampment and move this Court to, at minimum, advance the hearing scheduled for Friday, August 26, 2022, on Caltrans Defendants' motion to dissolve the temporary restraining order and deny any request for a preliminary injunction, Dkt. 67, to Monday, August 22, 2022, or as soon thereafter as possible. Caltrans Defendants contend the exigencies of the situation and catastrophic risk posed to the residents of Oakland render any further delay in clearing the encampment untenable. In the alternative, for the same reasons stated in their motion to dissolve the temporary restraining order, Defendants urge the Court to immediately dissolve the temporary restraining order.

**FACTS**

The Wood Street encampment encompasses a sprawling area both in and adjacent to Caltrans' right-of-way on parcels owned by Caltrans, the City of Oakland and BNSF Railway. The size of the encampment has varied over time and previously extended from an area near the intersection of Frontage Road and 14th Street to just beyond the intersection of Wood Street and 34th Street (prior to Caltrans' current removal project that started in April 2021).

Since March 2020, there have been more than 230 fires at the encampment. Of particular note was a July 11, 2022 fire that came within approximately 200 feet of two high purity oxygen (HPO) plants at East Bay Municipal Utility District's ("EBMUD") Main Wastewater Treatment Plant. That fire did not reach the HPO plants because prevailing winds in this area blew away from the EBMUD facility relative to the Wood Street encampment. Gray Decl., Dkt. 67-11, ¶¶ 10-14. However, as explained in the declaration of meteorologist Jan Null, from September through November, the "Diablo Winds" sometimes blow in the direction from the encampment toward the EBMUD facility. Null Decl., Dkt. 67-8, ¶¶ 15-20. Given the extreme flammability of high purity oxygen, this could prove catastrophic. McMullen Decl., Dkt. 67-7, Ex. B.

In response to the July 11, 2022 fire, Caltrans posted notice to clear and clean the remaining encampment area (in what is referred to as Phase 3 of the removal project) beginning

1

EX PARTE MOTION TO ADVANCE HEARING ON MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER AND RESPONSE TO ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

1  on July 15, 2022. El-Tawansy Decl. ¶ 6. Plaintiffs, thirty-one individuals who allege they are
2  encamped on Caltrans' property, filed suit *pro se* on July 18, 2022, to prevent Caltrans from
3  cleaning and clearing the encampment, and moved this Court for a temporary restraining order
4  (TRO). This Court granted the motion on July 18, 2022, then modified it after a hearing on July
5  22, 2022. The modified TRO allowed Caltrans Defendants to move to dissolve the TRO at a
6  hearing on August 26, 2022. Modified Temporary Restraining Order ("MTRO"), Dkt. 40, at
7  9:15-18.
8        In the last week there have been two more notable fires in or near the Phase 3
9  encampment. On August 13, 2022, the day after Caltrans Defendants had filed their motion to
10 dissolve the TRO and response to the Court's order to show cause re: issuance of a preliminary
11 injunction, there was another fire near EBMUD's facility. The fire came within approximately
12 330 feet from EBMUD's electrical substation. EBMUD notified Caltrans of the fire and its
13 proximity to EBMUD's facility and specifically to the HPO plants. At the time of the fire, the
14 wind was blowing to the north, driving the fire parallel to the wastewater treatment plant.
15 EBMUD reiterated the significant risk posed to the individuals in the Wood Street encampment
16 and surrounding areas should a fire occur while the wind was blowing towards the HPO tanks.
17 El-Tawansy Decl. ¶¶ 3-4 and Ex. A.
18       Another fire occurred in the encampment on August 16, 2022, on property owned by the
19 City of Oakland. RJN 2, Ex. 1; El-Tawansy Decl. ¶ 5.
20       In light of the extremely serious concerns raised by the ongoing pattern of fires in the
21 encampment, the multiple fires in close proximity to the HPO plants, and the anticipated Diablo
22 Winds phenomenon starting in September, Caltrans Defendants seek to advance the date of
23 hearing by four days, to August 22, 2022, by this *ex parte* motion, or in the alternative, dissolve
24 the TRO *sua sponte* without a hearing.
25       **MEMORANDUM OF POINTS AND AUTHORITIES**
26       Caltrans Defendants are authorized under Local Rule 7-10 to bring an *ex parte* motion
27 before this Court "if a statute, Federal Rule, local rule, or Standing Order authorizes ex parte
28 filing. The motion must include a citation to the statute, rule, or order which permits the use of an

2

EX PARTE MOTION TO ADVANCE HEARING ON MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER AND
RESPONSE TO ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

CALIFORNIA DEPARTMENT OF TRANSPORTATION - LEGAL DIVISION
111 Grand Avenue, Suite 11-100
Oakland, California 94612
Telephone: (510) 433-9100, Facsimile: (510) 433-9167

1  ex parte motion to obtain the relief sought."

2  Local Rule 6-1(b) provides that a "Court order is required for any enlargement or
3  shortening of time that alters an event or deadline already fixed by Court order or that involves
4  papers required to be filed or lodged with the Court (other than an initial response to the
5  complaint). A request for a Court order enlarging or shortening time may be made by written
6  stipulation pursuant to Local Rule 6-2 or motion pursuant to Local Rule 6-3. Any stipulated
7  request or motion which affects a hearing or proceeding on the Court's calendar must be filed no
8  later than 14 days before the scheduled event." As a practical matter, reaching a stipulation with
9  thirty-one unhoused *pro se* plaintiffs is not practical, and that the motion will necessarily be
10 heard less than fourteen days before the hearing but that is unavoidable given the exigent
11 circumstances. Local Rule 6-3(a)(4)(i).

12 In satisfaction of Local Rule 6-3, Caltrans Defendants submit the Declaration of Dina El-
13 Tawansy, District Director of Caltrans District Four (which encompasses Alameda County), who
14 testifies that: (1) another fire occurred in close proximity to the EBMUD Main Wastewater
15 Treatment Plant on the morning of August 13, 2022; (2) this is the second fire in just over a
16 month in close proximity to the EBMUD facility; (3) EBMUD has notified Caltrans of the
17 significant risks fire poses to the EBMUD facility, the environment, and the public; (4) there was
18 also a fire on August 16, 2022; and (5) based on information and belief, the consequences if a
19 fire were to reach the high purity oxygen plants could be catastrophic. El-Tawansy Decl. ¶¶ 3-8
20 (Local Rules 6-3(a)(1) and 6-3(a)(3)). Caltrans Defendants also submit the Declaration of
21 Stephen A. Silver, who testifies that: (1) On August 19, 2022, counsel for Caltrans defendants
22 contacted Brigitte Nicoletti, an attorney for the East Bay Community Law Center, who is serving
23 as an informal facilitator in this matter. An agreement was reached to provide 15 copies of
24 Caltrans Defendants' *ex parte* Motion to Advance Hearing and supporting documents to the East
25 Bay Community Law Center for dissemination to plaintiffs. An agreement to provide courtesy
26 copies via email to several additional plaintiffs that had not previously provided an email address
27 was also agreed to (Local Rule 6-3(a)(2)); (2) compliance with Local Rule 37-1(a) is effectively
28 rendered impossible by virtue of all thirty-one plaintiffs being *pro se* and unhoused (Local Rule

3

6-3(a)(4)(i)); (3) the underlying dispute is that Caltrans seeks to clear and clean the Wood Street encampment due to health and safety concerns arising from two recent fires that were in close proximity to the EBMUD facility, while Plaintiffs seek to remain at the encampment for an indefinite period of time or until they are provided with alternative housing (Local Rule 6-3(a)(4)(i)); (4) there have been no previous time modifications in the case, whether by stipulation or Court order (Local Rule 6-3(a)(5)); and (5) the proposed advance of the hearing date would move up the hearing by four days (Local Rule 6-3(a)(6)). Silver Decl. ¶¶ 6-10.

If the Court's calendar does not permit this Court to advance the hearing on the basis of Caltrans Defendants' motion and supporting declarations, Caltrans Defendants alternatively ask this Court to immediately grant their motion to dissolve the TRO and not issue a preliminary injunction, such that the encampment may be cleaned and cleared without further delay.

Respectfully submitted,

DATED:  August 19, 2022

ERIN HOLBROOK
G. MICHAEL HARRINGTON
SAMUEL C. LAW
STEPHEN A. SILVER
MARK D. GUENZI

By  */s/ Stephen A. Silver*
Attorneys for Defendants STATE OF CALIFORNIA, acting by and through the Department of Transportation, DINA EL-TAWANSY, and TOKS OMISHAKIN

4

EX PARTE MOTION TO ADVANCE HEARING ON MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER AND RESPONSE TO ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION