ERIN HOLBROOK, Chief Counsel
G. MICHAEL HARRINGTON, Deputy Chief Counsel
SAMUEL C. LAW, Assistant Chief Counsel
STEPHEN A. SILVER, Deputy Attorney (SBN 214505)
MARK D. GUENZI, Deputy Attorney (SBN 278014)
Caltrans Legal Division – Bay Area Office
111 Grand Avenue, Suite 11-100, Oakland, CA 94612
Mail: P.O. Box 24325, Oakland, CA 94623-1325
Telephone: (510) 433-9100, Facsimile: (510) 433-9167

Attorneys for Defendants STATE OF CALIFORNIA,
acting by and through the DEPARTMENT OF TRANSPORTATION ("CALTRANS"); DINA EL-TAWANSY; and TOKS OMISHAKIN

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKSON BLAIN; JOHN JANOSKO; KELLIE CASTILLO; KELLY THOMPSON; NICOLAS GONZALEZ; ESTEBAN GONZALEZ; SHAWN WIDOMEN; PETER A. DODER; ALEX HEINE; MAYANA SPARKS; ADAM DAVIS; RICHARD MILTON; BENJAMIN MURAWSKI; RAMONA; GREG WIDOWMEN; JAMES FOREMAN; KEN SHEN; PIERRE DANIELS; PHIL JENKINS; DAVID BAHAR; KATHERINE CAVENER; JEREMY OLIVIERA; ABBY DILL; JESSICA HIGGIN; MATT SANATIVSAR; DUSTIN DENEGA; MATTHEW BUSTER; WILL SCHWERMA; DOUGLAS SOLLARS; JAY PRASAD,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF TRANSPORTATION; DINA EL-TAWANSY; CITY OF OAKLAND; ED REISKIN; BURLINGTON NORTHERN SANTA FE RAILROAD; SUSAN MURANISHI; GOVERNOR GAVIN NEWSOM; COUNTY OF ALAMEDA; TOKS OMISHAKIN; KATHERYN FARMER; LIBBY SCHAAF,<br><br>Defendants. | Case No.: 3:22-cv-04178-WHO<br><br>**DEFENDANTS CALIFORNIA DEPARTMENT OF TRANSPORTATION, DINA EL-TAWANSY AND TOKS OMISHAKIN'S OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date of Hearing: August 26, 2022<br>Time: 10:00 a.m.<br>Judge: Hon. William H. Orrick |

## I. PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION IS PROCEDURALLY IMPROPER

As an initial matter, plaintiffs' motion for a preliminary injunction is procedurally improper, in that it is not brought as a motion with supporting memoranda (L.R. 65-2, 7-2), but is instead included as part of plaintiffs' opposition to Caltrans' motion to dissolve the temporary restraining order. *Pro se* litigants must comply with all procedural and local rules. See *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"); *Carter v. Commissioner of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) ("[a]lthough pro se, [appellant] is expected to abide by the rules of the court in which he litigates"); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012) ("[p]ro se litigants must follow the same rules of procedure that govern other litigants"); *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) (per curiam) (as a general rule "pro se litigants are not excused from following court rules").

## II. TO THE DEGREE THE COURT CONSIDERS THE MOTION FOR PRELIMINARY INJUNCTION, THE ONLY PROFFERED BASIS IS STATE-CREATED DANGER

In plaintiffs' opposition/motion, the only cause of action discussed is the state-created danger doctrine. Plaintiffs' Resp., Dkt. 74 at 15:24-16:6. Therefore, plaintiffs tacitly concede there is no basis for a preliminary injunction on any other grounds and the Court should not consider any other grounds for a preliminary injunction.[1] Even where a temporary restraining order has been issued, plaintiffs have the burden of persuasion to demonstrate by a clear showing that they are entitled to a preliminary injunction. *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cty.,* 415 U.S. 423, 441 (1974); *see also Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

## III. PLAINTIFFS' CLAIMS AGAINST CALTRANS DEFENDANTS ARE BARRED BY THE ELEVENTH AMENDMENT

Plaintiffs' claims as to Caltrans, an executive department of the State, are barred by the Eleventh Amendment. *Natural Resources Defense Council v. California Dept. of Transp.,* 96 F.3d

---

[1] The Court has already found plaintiffs are unlikely to succeed on the merits off their other claims. MTRO at 7:15-8:14.

1

**DEFENDANTS CALIFORNIA DEPARTMENT OF TRANSPORTATION, DINA EL-TAWANSY AND TOKS OMISHAKIN'S OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**

CALIFORNIA DEPARTMENT OF TRANSPORTATION - LEGAL DIVISION
111 Grand Avenue, Suite 11-100
Oakland, California 94612
Telephone: (510) 433-9100, Facsimile: (510) 433-9167

420, 422 (9th Cir. 1996). Caltrans has been expressly held to be immune from suit under the Eleventh Amendment unless sovereign immunity has been expressly waived. *See, id.* at 423; *Californians for Disability Rights, Inc. v. California Dept. of Transp.,* 249 F.R.D. 334, 338 (N.D. Cal. 2008).

With respect to plaintiffs' suit against defendants Dina El-Tawansy (El-Tawansy) and Toks Omishakin (Omishakin), plaintiffs rely on the *Ex Parte Young* exception to Eleventh Amendment immunity, which does not bar suit against a state official acting in violation of federal law. *Natural Resources Defense Council,* 96 F.3d at 422. Simply naming state officials, however, is not sufficient to skirt Eleventh Amendment immunity. "Naming state officials as defendants rather than the state itself will not avoid the [E]leventh [A]mendment when the state is the real party in interest. The state is the real party in interest when the judgment would tap the state's treasury or restrain or compel government action." *Almond Hill Sch. v. U.S. Dept. of Agriculture,* 768 F.2d 1030, 1033 (9th Cir. 1985). "The state official '"must have some connection with the enforcement of the act."' [Citation.] That connection '*must be fairly direct; a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit*.' [Citation.]" *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris,* 729 F.3d 937, 943 (9th Cir. 2013) (emphasis added).

Plaintiffs do not specify any "fairly direct" connection between any alleged conduct by El-Tawansy and/or Omishakin and any alleged violation of plaintiffs' rights. As any injunctive relief must have a nexus between the underlying allegations of the complaint, an injunction based on the currently pled facts is improper. *See Pac. Radiation Oncology LLC v. Queen's Med. Ctr.,* 810 F.3d 631, 636 (9th Cir. 2015).

The Eleventh Amendment issue is more thoroughly briefed in Caltrans Defendants' Motion to Dissolve Temporary Restraining Order and concurrently filed Reply Brief; those discussions are incorporated herein by reference to avoid repetitive filings and briefing.

### IV.   THE STATE-CREATED DANGER DOCTRINE IS BRIEFED IN CALTRANS' MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER AND IN ITS CONCURRENTLY FILED REPLY.

To the degree the Court considers plaintiffs' opposition/motion, the issue of the state-created

danger doctrine is briefed in Caltrans' Motion to Dissolve Temporary Restraining Order and Response to Order to Show Cause Re: Preliminary Injunction, the Reply brief, and supporting declarations and requests for judicial notice, which are incorporated by reference into this opposition to avoid repetitive filings and briefings.

### V. INJUCTIVE RELIEF RESTRAINING CALTRANS' CONTROL OF THE STATE HIGHWAY SYSTEM OR MANDATING THE PROVISION OF SHELTER TO PLAINTIFFS VIOLATES PRINCIPLES OF FEDERALISM, SEPARATION OF POWERS, AND THE WIDE DESCRETION STATE AND LOCAL GOVERNMENTS HAVE TO MANAGE THEIR OWN AFFAIRS

The Supreme Court has repeatedly made clear that principles of federalism and separation of powers must be considered when the federal courts restrict or mandate actions by local or state governments. "When a plaintiff seeks to enjoin the activity of a government agency … his case must contend with 'the well-established rule that the Government has traditionally been granted the widest latitude in the "dispatch of its own internal affairs." [Citation.]'" *Rizzo v. Goode*, 423 U.S. 362, 378-79 (1976). "[T]he principles of federalism which play such an important part in governing the relationship between federal courts and state governments" apply equally "[w]here, as here, the exercise of authority by state officials is attacked…" *Rizzo*, 423 U.S. at 378-80 (internal quotations omitted). "Federalism concerns are heightened when… a federal court decree has the effect of dictating state or local budget priorities. States and local governments have limited funds. When a federal court orders that money be appropriated for one program, the effect is often to take funds away from other important programs." *Horne v. Flores*, 557 U.S. 433, 448 (2009).

These federalism concerns apply equally here. Should this Court enjoin Caltrans from clearing the Wood Street encampment and/or require Caltrans, City, and/or County to provide alternative shelter to the encamped prior to clearing the encampment, this Court usurps the discretionary judgment of State and local officials and engineers on the public safety hazards and exigencies created by the encampment as well as the local entities' budgetary prioritization.

Even where the Ninth Circuit concluded there was an actual Eighth Amendment violation, the Court made clear the holding was narrow and did not mandate action by the local entities: "[W]e in no way dictate to the City that it must provide sufficient shelter for the

3

homeless, or allow anyone who wishes to sit, lie, or sleep on the streets ... at any time and at any place." *Martin v. City of Boise*, 920 F.3d 584, 617 (9th Cir. 2019) (quoting *Jones v. City of Los Angeles*, 444 F.3d 1118, 1138 (9th Cir. 2006), *vacated due to settlement,* 505 F.3d 1006 (2007)).

### VI. PRO SE PLAINTIFFS CANNOT REPRESENT NONPLAINTIFF ENCAMPED INDIVIDUALS; THUS, THE EXTENSION OF A PRELIMINARY INJUNCTION TO NONPLAINTIFFS WOULD BE IMPROPER

Finally, plaintiffs have brought this action *pro se*; as such, they have no authority to represent anyone other than themselves as individuals. *See, Simon v. Hartford Life, Inc.,* 546 F.3d 661, 664 (9th Cir. 2008); *Cato v. United States,* 70 F.3d 1103, 1105 n.1 (9th Cir. 1995); *McShane v. United States,* 366 F.2d 286, 288 (9th Cir. 1966). Moreover, the Complaint and the brief requesting the preliminary injunction were both signed only by plaintiff Jackson Blain (a.k.a., Jaz Colibri). Thus, the extension of the MTRO would be improper not only as to the nonplaintiff encamped individuals at Wood Street, but even with respect to plaintiffs who did not sign the Complaint and brief. *See, e.g., Cato,* 70 F.3d at 1105 n.1 (9th Cir. 1995) (district court properly dismissed named plaintiffs who did not sign complaint because "a non-attorney may appear only in her own behalf"); *C.E. Pope Equity Trust v. United States,* 818 F.2d 696, 697 (9th Cir. 1987) ("[a]lthough a non-attorney may appear in propria persona in his own behalf, that privilege is personal to him. [Citation.] He has no authority to appear as an attorney for others than himself. [Citations.]"); *Russell v. United States,* 308 F.2d 78, 78-79 (9th Cir. 1962) (no claims were presented by *pro se* litigant who did not sign pleading); *Simon,* 546 F.3d 661, 664, 667 (9th Cir. 2008) (non-attorney plaintiff barred from attempting to pursue claim on behalf of others in a representative capacity, emphasizing policy concerns as to the binding effect of the court's decision on other plaintiffs). Because no plaintiff or nonplaintiff other than Blain has filed the claims presently before the Court, this Court cannot issue a preliminary injunction as to anyone other than Blain, because it cannot find the requisite element of a likelihood of success on the merits for any other plaintiff or nonplaintiff as to claims they did not raise, and Blain, as a *pro se* litigant, cannot raise these claims for them.

4

Respectfully submitted,

DATED:  August 24, 2022

ERIN HOLBROOK
G. MICHAEL HARRINGTON
SAMUEL C. LAW
STEPHEN A. SILVER
MARK D. GUENZI

By  */s/ Stephen A. Silver*
Attorneys for Defendants STATE OF CALIFORNIA, acting by and through the Department of Transportation, DINA EL-TAWANSY, and TOKS OMISHAKIN

CALIFORNIA DEPARTMENT OF TRANSPORTATION - LEGAL DIVISION
111 Grand Avenue, Suite 11-100
Oakland, California 94612
Telephone: (510) 433-9100, Facsimile: (510) 433-9167

**DEFENDANTS CALIFORNIA DEPARTMENT OF TRANSPORTATION, DINA EL-TAWANSY AND TOKS OMISHAKIN'S OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**